## Matthews *v.* The State.

FISH, C. J.   1. The great weight of the evidence introduced by the State, if credible, tended to show that the accused was guilty of murder; the statement of the accused, who introduced *no evidence, made to the* jury, tended, if worthy of credit, to show that the homicide was justifiable; the jury could have found from some of the evidence for the State, considered in connection with a portion of the statement of the accused to the jury, that the accused and the deceased, while engaged in an angry altercation, both drew weapons, the former a pistol the latter a knife, and each willing and intending to fight, in hot blood and without malice, *endeavored to use his weapon on the other, and that* the deceased was killed in such rencounter. It follows, therefore, that the court erred in not defining the offense of voluntary manslaughter, and in not instructing the jury as to the law of that grade of homi-

cide applicable to mutual combat, as presented by a timely written request on the part of the accused.

2. The other requests to charge, in so far as they were legal and applicable, were fully covered by the instructions given.

*Judgment reversed. All the Justices concur.*
APRIL 12, 1911.

Indictment for murder. Before Judge Edwards. Polk superior court. November 2, 1910.

*R. R. Arnold, W. E. Spinks,* and *Mundy & Mundy,* for plaintiff in error.

*H. A. Hall, attorney-general, W. K. Fielder, solicitor-general, Bunn & Bunn,* and *Davis & England,* contra.