### 13188.   PERSONS *v.* THE STATE.

Instructions upon the law of mutual combat were authorized by the evidence; and a conviction of voluntary manslaughter was authorized.
DECIDED FEBRUARY 14, 1922.

Conviction of manslaughter; from Heard superior court — Judge Roop. December 2, 1921.

*F. S. Loftin, Hall & Jones,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* contra.

BROYLES, C. J. 1. The accused was charged with murder and convicted of voluntary manslaughter. While there was evidence for the State which would have amply authorized the defendant's conviction of murder, and while the statement of the accused, who introduced no evidence, tended to show that the homicide was justifiable, the jury were authorized to find from

some of the evidence for the State, considered in connection with parts of the defendant's statement, that both the accused and the deceased, while engaged in an angry dispute, drew pistols, and that each, willing and intending to fight, in hot blood and without malice, endeavored to shoot the other, and that the deceased was killed in such rencounter. It follows, therefore, that it was not error for the court to instruct the jury upon the law of mutual combat. *Matthews* v. *State,* 136 *Ga.* 125 (70 S. E. 1110.) See also *Findley* v. *State,* 125 *Ga.* 579, 583 (54 S. E. 106), and citations; *Giles* v. *State,* 126 *Ga.* 549 (55 S. E. 405); *Clements* v. *State,* 140 *Ga.* 165 (2), 166 (78 S. E. 716); *Higgs* v. *State,* 148 *Ga* 136 (95 S. E. 994); *Fordham* v. *State,* 24 *Ga. App.* 369 (100 S. E. 790); *Harris* v. *State,* 152 *Ga.* 199 (108 S. E. 781).

2. The ground of the motion for a new trial which was based upon alleged newly discovered evidence is not referred to in the brief of counsel for the plaintiff in error and is treated as abandoned.

3. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*