## ISON *v.* THE STATE.

1. An instruction to the effect that ordinarily when a killing occurs as a result of a mutual combat, it would be voluntary manslaughter, but it might still be murder or might be justifiable homicide, preceded by apt definition and explanation of the term " mutual combat," with appropriate instructions upon the subject of murder and justifiable homicide, is a sufficient charge upon the doctrine of mutual combat as applied to voluntary manslaughter. Especially is this true where the general law as to murder, voluntary manslaughter, and justifiable homicide are each fully given in charge to the jury and the special attention of the jury is called to the application of the law of mutual combat to the offense of voluntary manslaughter, by instructions warning them against confusing the law of voluntary manslaughter as applicable to cases of mutual combat with the previous instructions upon that subject.

2. It being conceded by counsel for the plaintiff in error that if the charge as to the law of mutual combat as applicable to the offense of voluntary manslaughter is not exceptionable, the exception as to the omission to charge upon the subject of impeachment of witnesses and as to the burden of proof are immaterial, no ruling as to this ground of this motion for a new trial is necessary.

3. The evidence supporting the verdict, there was no error in refusing a motion for a new trial.

No. 3665. JULY 10, 1923.

Murder. Before Judge Searcy. Spalding superior court. February 20, 1923.

*J. J. Flynt, E. R. Clarkson,* and *Cleveland & Goodrich,* for plaintiff in error.

*George M. Napier, attorney-general, E. M. Owen, solicitor-general, Seward M. Smith, assistant attorney-general,* and *W. H. Connor,* contra.

RUSSELL, C. J. 1. This is the second appearance of this case before this court. When the case was heard before (*Ison* v. *State,* 154 *Ga.* 408 (114 S. E. 351), the judgment of the trial court refusing a new trial was reversed for the reason that the court omitted to instruct the jury as to the law of voluntary manslaughter as applicable to the homicide committed in the case, and mutual combat between the parties. This court held that there was evidence from which the jury might have found that the homicide was committed in the progress of a mutual combat between the parties, and that under rulings in *Waller* v. *State,* 100 *Ga.* 320 (28 S. E. 77) ; *Butt* v. *State,* 150 *Ga.* 302 (2) (103 S. E. 466), and cit.; *Matthews* v. *State,* 136 *Ga.* 125 (70 S. E. 1110) ;

*Ray* v. *State,* 15 *Ga.* 223; *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862), as well as old, earlier decisions in *Gann* v. *State,* 30 *Ga.* 67; *McMillan* v. *State,* 35 *Ga.* 55, 60; *Tate* v. *State,* 46 *Ga.* 148; 157, and *Trice* v. *State,* 89 *Ga.* 742 (15 S. E. 648), the trial court erred in omitting to charge the jury, even without a request, the law of voluntary manslaughter as applied to a case of mutual combat, and further that it was erroneous to so instruct the jury as to eliminate that view of the case from their consideration. In the case now sub judice, practically the same complaint is made as when the case was here before; and therefore the question is distinctly raised as to whether in the present instance the trial court conformed to the ruling of this court upon its former adjudication. The first ground of the amendment to the motion for a new trial is as follows:

1. Because the court erred in charging the jury as follows: (after defining mutual combat) 'Under the law, where one kills another as a result of mutual combat between them, ordinarily the killing is voluntary manslaughter; and this would be true without regard to who struck the first blow or fired the first shot. Under some circumstances, such killing may be murder, or it may be justifiable homicide, as I will explain to you. If the killing be done with malice express or implied, as I have previously defined it to you, and with a felonious intent to take the life of the person killed, the killing was accomplished as a result of mutual combat, such killing would be murder. The killing as a result of mutual combat may be justifiable, and would be, if it appeared that the danger to the slayer was so urgent and pressing at the time of the killing that in order to save his own life the killing by him of the other participant in such combat was absolutely necessary, and it further appears that the person killed was the assailant, or if it appears that he was not the assailant and the slayer was the assailant, and it further appears that the slayer really and in good faith endeavored to decline any further struggle before the fatal wound was inflicted.' " Error is assigned upon this instruction, because it failed to instruct the jury why or when a killing resulting from a mutual combat would be voluntary manslaughter; and it is insisted that the court should have instructed the jury that they would be authorized to find that a mutual combat was the equivalent of an actual assault upon the person killing,

sufficient to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. It is insisted that as the court had previously charged the jury that " in all cases of voluntary manslaughter there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify excitement of passion, and exclude all idea of deliberation or malice either express or implied," and as the court had failed to instruct the jury that in cases of mutual combat an actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, was not necessary to constitute voluntary manslaughter, the instruction was particularly erroneous and prejudicial.

The plaintiff in error contends that under the foregoing instructions the jury were not told that they could find a defendant guilty of voluntary manslaughter in any event, unless they found that there was an actual assault upon the person killing or an attempt by the person killed to commit a serious personal injury on the person killing, or equivalent circumstances, to justify the excitement of passion and exclude all idea of deliberation or malice as applied to homicide in which mutual combat was not involved. Complaint is further made that the charge as given was " vague, uncertain, and indefinite " and did not sufficiently instruct the jury as to the law of mutual combat applicable to the issues involved, and was calculated to confuse and mislead the jury by inducing them to think that a killing resulting from a mutual combat would be either murder or justifiable homicide, unless it amounted to voluntary manslaughter under the rules of law previously given, applicable only to cases in which mutual combat was not involved.

In the second ground it is insisted that the court erred in failing to instruct the jury that they would be authorized to find that the mutual combat was equivalent to an actual assault upon the person killing, sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice either express or implied. In the fifth ground complaint is made that the court erred in failing to give in charge to the jury the law of voluntary manslaughter as relating to the doctrine of mutual combat; and it is

contended that this failure was error, because the movant was convicted of murder, and the testimony demanded a charge upon the subject of voluntary manslaughter as related to the doctrine of mutual combat.

As shown by the previous decision (*Ison* v. *State,* supra), it was our opinion that the testimony demanded a charge upon the subject of voluntary manslaughter as related to the doctrine of mutual combat. If this were not, as it undoubtedly is, sound law, it is certainly the law of this case. The evidence which tended to show mutual combat was even stronger in the last trial than in the first, and the real question presented in the pending bill of exceptions is whether the judge correctly and sufficiently instructed the jury as to this important phase of the case. After a careful review of the charge in its entirety we are of the opinion that the instructions of the trial judge were sufficiently full, and so correctly stated the law of mutual combat as applied to voluntary manslaughter as to leave no ground for complaint. The statement that " ordinarily a killing in mutual combat is voluntary manslaughter " was very favorable to the accused. No harm was done to the accused by the subsequent statement that this ordinary rule might be varied by the evidence in a particular case so as to constitute a killing in one instance murder, and in another the homicide might be justified. Previously to the statement of the judge that " Under the law, where one kills another as a result of mutual combat between them, ordinarily the killing is voluntary manslaughter, and this would be true without regard to who struck the first blow or fired the first shot," the trial judge had fully instructed the jury as to mutual combat. These instructions were as follows: " If you find from the evidence that there was between the defendant and the deceased a mutual combat, that is, a mutual intent or mutual agreement to fight, then you will consider these rules of law and apply them to the evidence; but if you find from the evidence that there was no mutual combat, you will not consider this law. Mutual combat is where there is a combat or rencounter between two persons as a result of a sudden quarrel, or such conditions as indicate a purpose and willingness and intent on the part of both to engage mutually in a fight or rencounter — or where such parties fall out with each other and fight, or arm themselves — provide themselves with

weapons for the purpose of fighting, and fight ensues. It is not essential to constitute mutual combat that blows be struck or shots be fired, although, if blows are struck or shots are fired, this may be considered by the jury in determining the question. There must be a mutual intent to fight or engage in combat."

Following the instructions of which complaint is made the judge instructed the jury very fully and fairly as to the law of reasonable fears, and the law of justifiable homicide as related to mutual combat, and instructed them that these rules were not to be confused with the law of self-defense and reasonable fears in that connection, which had previously been given in charge, and further charged that "the defendant is entitled, as a matter of right under the law, to have you consider all the rules of law relating to his defense against the charge brought against him, and to have you weigh each and every rule of law and apply it to the facts as you find them to be, and not to confuse it or intermix these rules of law so as to deprive him of the benefit of any or all of them." The jury was more than once told that in considering the law of mutual combat they should not confuse the instructions previously given as to murder and voluntary manslaughter with the instructions given in relation to mutual combat.

We conclude there is no merit in the exceptions to the charge of the court. The jury could not have misunderstood the very favorable instruction that *ordinarily* a killing in mutual combat is only voluntary manslaughter, which gave them every opportunity, if that phrase may be used, for a finding that the killing was no more than voluntary manslaughter. The instructions of the court as a whole are so clearly put that the jury could not have been confused or misled. It can only be assumed that the evidence satisfied the jury beyond a reasonable doubt that the killing was done with malice. And while a different result might have been reached upon the evidence, it was the peculiar province of the jury to determine this issue, as they did, adversely to the contention of the plaintiff in error.

*Judgment affirmed. All the Justices concur.*