## RIVERS *v.* THE STATE.

JENKINS, Justice. If a killing be not under circumstances of justification under the Code, §§ 26-1011-26-1017, "but in the course of a rencounter in which the participants engage with a mutual intention to fight, the

134

offense may be voluntary manslaughter as related to mutual combat." *Shafer* v. *State*, 191 *Ga.* 722 (3) (13 S. E. 2d, 798); *Tate* v. *State*, 46 *Ga.* 148 (2, 3), 157; *Daniels* v. *State*, 157 *Ga.* 780 (3) (122 S. E. 223), and cit.; *Bailey* v. *State*, 148 *Ga.* 401 (1, *a*), 402 (96 S. E. 862); *Ison* v. *State*, 154 *Ga.* 408, 417 (114 S. E. 351), s. c. 155 *Ga.* 877 (118 S. E. 721); *Slocumb* v. *State*, 157 *Ga.* 131 (3, *a*, *b*) (121 S. E. 116); *Benton* v. *State*, 185 *Ga.* 254 (5), 256 (194 S. E. 166). However, "although there may be a mutual intention and agreement to fight, yet if one of the disputants kill the other with malice, it is murder," since in such a case the killing would not be the result of that sudden and violent heat of passion which by reason of its irresistibility would constitute voluntary manslaughter. *Freeman* v. *State*, 70 *Ga.* 736 (3); *Gann* v. *State*, 30 *Ga.* 67, 72.

(*a*) "In an alleged situation requiring the killing of another in self-defense, 'one can not create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of such other person to do so.'" *Daniel* v. *State*, 187 *Ga.* 411, 412 (1 S. E. 2d, 6).

(*b*) Under the rules stated, no question being raised as to any charge or failure to charge, but the exceptions being limited to the general grounds, the contention that the evidence demanded a verdict of voluntary manslaughter under the doctrine of mutual combat is without merit. While there was testimony that the defendant and the deceased were "tusseling" and "tied up fighting," the testimony showed that the defendant provoked the trouble by cursing the deceased and others; and that the defendant was the aggressor, armed with a long pocket-knife with which she attacked first another woman and then the deceased, and inflicted wounds in the neck of the deceased, from which she died in a few minutes. Although it appears that the deceased struck the defendant once with a stick and cut her with a knife, it further appears that the blow with the stick was not struck until after the defendant had advanced with her knife on the deceased, and that the knife used by the deceased was the knife of the defendant, which the deceased took away from her and did not use until after the fatal wounds had been inflicted. There was also testimony as to a statement, made by the defendant just before the homicide, indicating express malice, in which the defendant said with an epithet that the deceased is "the . . I want;" and another statement, made by the defendant immediately after the homicide, with the same epithet, that "I got the . ."

*Judgment affirmed. All the Justices concur.*

No. 13868. NOVEMBER 12, 1941.

*Olin Hammock* and *Joe M. Ray,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, R. A. Patterson, solicitor-general, Hooper, Hooper & Miller, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.