30055. LANE *v.* THE STATE.

DECIDED MAY 14, 1943. REHEARING DENIED JUNE 8, 1943.

*Samuel L. Eplan, James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

GARDNER, J. The defendant was indicted for murder and con-

victed of voluntary manslaughter. He filed his motion for new trial which was overruled and he excepted.

The evidence discloses that the wife of defendant reported to him that deceased had cursed and abused her, whereupon the defendant procured a pistol and went in search of deceased. At this meeting the deceased protected himself behind another person. The defendant shot twice toward deceased at this time. The deceased made his escape, went to his home, procured a pistol, and threatened to kill the defendant. This threat was not communicated to defendant. In about an hour deceased was seen walking on a railroad track which ran in front of defendant's house. The deceased placed his pistol in his back pocket with the handle hanging out. The defendant was sitting beside the track with a pistol. As the deceased approached, the defendant slid down onto the track and the shooting began. The evidence does not disclose whether the deceased or the defendant fired the first shot, or whether the defendant fired all three of the shots. At any rate the defendant admitted killing the deceased under the circumstances above stated.

While the evidence is in sharp conflict in some particulars it is sufficient to sustain the verdict of manslaughter as related to mutual combat. The jury decided the issue against the defendant. He assigns no error except on the general grounds, to the effect that the evidence is insufficient to sustain the verdict against him. "If a killing be not under circumstances of justification . . 'but in the course of a rencounter in which the participants engage with a mutual intention to fight, the offense may be voluntary manslaughter as related to mutual combat.'" *Rivers* v. *State*, 193 *Ga.* 133 (17 S. E. 2d, 726), and cit. See *Bailey* v. *State*, 148 *Ga.* 401 (96 S. E. 862): "Mutual combat sufficiently appears where it is shown that there was a mutual intent by the accused and the deceased to fight and one or more blows were struck."

The evidence warranted the jury in finding that the previous difficulty between the defendant and the deceased aroused a passion which prompted both to procure deadly weapons and engage in a mutual intention to fight. Under such circumstances death of the deceased resulted admittedly at the hands of the defendant. The law holds him responsible for the offense of voluntary manslaughter as related to mutual combat.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*