MARY E. SHORTER, plaintiff in error, *vs.* WILLIAM B. MARSHALL, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

1. When answers to interrogatories were taken, by consent, without a commission, the execution and return of the interrogatories were not controlled by the provisions of the statute regulating the issuing and return of commissions.

2. The interrogatory, "Please state whether or not you have, from year to year, given in and paid all legal taxes chargeable by law on the debt which is the foundation of this suit?" is not so leading, under the previous rulings of this Court, as to be excluded on exception taken.

3. When a number of questions are asked in a single cross-interrogatory, this Court will not scan the answers as closely as if each was a separate interrogatory. If the whole answer taken together, is a substantial reply to the whole interrogatory, it will be held to be sufficiently full, though each question is not separately answered.

4. When an account became due on the December 20th, 1860, and suit was brought thereon on March 1st, 1869, the claim is not barred by the statute of limitations.

5. It is for the jury to determine what credit shall be given to the evidence of an impeached witness.

6. Where the verdict of the jury did substantial justice, and the Court below was satisfied with it, this Court will not disturb their finding.

New trial. Interrogatories. Statute of limitations. Witness. Before Judge JOHNSON. Muscogee Superior Court. May Term, 1872.

William B. Marshall brought complaint against George Hargraves, administrator, and Mary E. Shorter, administratrix, upon the estate of James H. Shorter, deceased, on an open account for $100 00, for one fifty-saw gin. The declaration was filed in office on March 1st, 1869. By an amendment, the plaintiff struck the name of "George Hargraves, admistrator," and also the term "administratrix," following the name of Mary E. Shorter, from the declaration, leaving the suit to proceed against the latter individually. The defendant pleaded the general issue and the statute of limitations.

Upon the trial the defendant excepted to the third direct interrogatory, in the first set propounded to the plaintiff, upon

the ground that it was leading, and because he was asked to state his custom in selling gins. The question and answer referred to were as follows :

"Upon whose order, or by whose direction was the gin furnished? State where and when the gin was delivered, and who was the overseer on the plantation at the time of its delivery? State your custom in the selling of gins at that time, in reference to the payment therefor, and when the money for the gin was due? State who received the benefit from the use of the aforesaid gin ?"

A. "Westley Towns came to me and said that the defendants had got him to order a gin from me for them. In the summer of 1859, I delivered the gin under the order mentioned, at the plantation of the estate represented by the defendants, in Russell county, Alabama, some seven or eight miles this side of Hurtville. My custom in selling gins at that time was two dollars a saw. As my books are not here, I do not remember when it was due, but I usually sold on one year's time, but think it was due on December 25th, 1860. Defendants, as representatives of the estate, received the use and benefit of the gin."

The exception was overruled, and the defendant excepted.

On the second set of interrogatories propounded to the plaintiff was a waiver of defendant's counsel of "notice, commission and all further service." The defendant excepted to this entire set, because J. L. Oneal, whose name appears with James T. Willis, commissioner, does not sign officially as commissioner, because the place of execution does not appear, and because there is no seal attached to the name of Willis or Oneal. The exceptions were overruled, and the defendant excepted.

The defendant excepted to the third direct interrogatory in said set, because illegal and leading. The question and answer referred to were as follows :

"Please state whether you have or not, from year to year, given in and paid all legal taxes chargeable by law on the debt which is the foundation of this suit? State fully ?"

Shorter *vs.* Marshall.

A. "I have paid all taxes required by law of me on said debt since it was contracted up to the present time."

The exception was overruled, and the defendant excepted.

The defendant further excepted to said set of interrogatories, upon the ground that each question contained in the first cross-interrogatory was not fully answered. The interrogatory and answer referred to are as follows:

"What amount did you value the account in question at each year since it was made? To whom did you give in your taxes each year for said account? To whom did you pay taxes each and every year on said account? Attach your tax receipts for each and every year. If you state that any or all of your tax receipts are lost or mislaid, state whether, after diligent search, you can find them? If not, state their contents? Did you give this account in with all other personal property, accounts and notes? Did you estimate the value of all your accounts and notes together, or this one by itself? How many accounts and notes did you give in each year with this? Did you give them all in for their face valuation, including interest added, each and every year since the debt was contracted? If not, what accounts and notes did you give in for each year since the debt was contracted? What amount did you give in each account and note at? Why was this account an exception to other accounts and notes? In what currency did you pay your taxes for this account each and ever year?

A. "I gave it in at its face, interest added. I gave it in to the tax receiver, but do not recollect who was the tax receiver each year. Paid the collector, but do not recollect who was the collector each year. Don't recollect where all my tax receipts are; can't find them, and don't recollect their contents. I gave in this account with all my other notes and accounts, but always considered it good, and therefore gave it in for its full amount. Don't recollect how many other notes and accounts I gave in each year, but if my attention was directed to any particular one I could tell whether I gave it in. I gave in all that I considered good at their face, interest added. Others that I

considered doubtful I valued and gave in at what I considered them worth. Don't recollect what other notes and accounts I gave in at their full amount. The reason this account was an exception, was because I always considered the defendants abundantly able to pay it, and therefore felt bound by law to give it in for its full amount. Besides, I was sworn when I gave in my taxes, and, believing it to be good, I could not swear otherwise. Paid sometimes in bank bills, sometimes in Confederate currency, and sometimes in 'greenbacks;' always in the currency required of me."

The exception was overruled, and the defendant excepted.

The only evidence necessary to an understanding of the questions made is embraced in the decision.

The Court charged the jury as follows: "If the plaintiff delivered a gin to defendant, at her instance, she is liable to him for its value, and such is the case whether she was administratrix or not, unless stipulated to the contrary. If the gin was procured by an agent of the defendant, it is the same as if procured by herself. It is insisted that the plaintiff is barred of his claim by the statute of limitations. The Court charges that if the demand became due on December 25th, 1860, and suit was commenced as shown by the writ, then the plaintiff was not barred. (Each of these positions the Court explained at length and stated to them that it was for the jury to determine them from the testimony.)

"It is further contended that as two witnesses had sworn that they would not believe Towns, that the jury must discard the testimony of Towns. The Court charges you, that if Towns was shown to be unworthy of credit, you would not believe him and reject his testimony. But it is for you to determine from the whole evidence what credit should be given to him. The law does not require you to disbelieve him, because two witnesses said they would. If the truth required it, you might believe him against the two witnesses. You will determine the case by considering the whole evidence."

The jury returned a verdict for the plaintiff for $100 00,

Shorter vs. Marshall.

with interest from December 25th, 1860. Whereupon, the defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in overruling the exceptions to each of the aforesaid sets of interrogatories.

2d. Because the Court erred in its charge to the jury in reference to the statute of limitations.          ✦

3d. Because the Court erred in its charge in reference to the credit of an impeached witness.

The motion was overruled, and the defendant excepted upon each of the aforesaid grounds.

JAMES M. RUSSELL, for plaintiff in error.

B. H. CAWFORD; M. J. CRAWFORD, for defendant.

Cross-interrogatories substantially answered sufficient : 14 Ga. R., 242; *Ibid.*, 277. Objections to execution and return waived, concludes party from objecting to depositions because cross-interrogatories are not fully answered : 32 Ga. R., 542. Number of questions asked in one cross-interrogatory, answer not scanned closely: 41 Ga. R., 117. Questions to be objectionable as leading must suggest the desired answer: 33 Ga. R., 275; 1 Starkie, 150. Place of execution need not be stated: 23 Ga. R., 132. Names of commissioners not inserted in commission, not sufficient to invalidate: 20 Ga. R., 198. Defendant cannot object to evidence of fact beneficial to him: 14 Ga. R., 277. Power of executor, or administrator to bind estate by contract: 8 Ga. R., 236; 11 Ga. R., 1. Statute of limitations: 38 Ga. R., 300; 41 Ga. R., 231. Satterfield vs. Swab & Co., decided October 1st, 1872, not yet reported.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on an open amount for $100 00, the price for a fifty-saw cotton gin. On the trial of the case the jury found a verdict for the plaintiff. A motion was made for a new trial on the several grounds set forth in the record; which was

overruled by the Court, and the defendant excepted.    There was no error in overruling the objection to the execution of the interrogatories, inasmuch as the answers of the witness were, by consent, taken without a commission issued by the Court, and not having been taken under the statute regulating the issuing and return of commissions to take testimony, was not controlled by its provisions.    According to the previous rulings of this Court, there was no error in overruling the objections to the answers of the witness Marshall, on the ground that the questions were not fully answered, or because some of the questions were too leading.    Nor do we find any error in the charge of the Court in relation to the statute of limitations, or in regard to the impeachment of the witness Towns, in view of the evidence contained in the record, or in the refusal of the Court to charge as requested.    There is no doubt from the evidence that the plaintiff sold the gin to the defendant, Mrs. Shorter, either in her individual capacity or as administratrix of Shorter, and that the same was used and nearly worn out by her in one capacity or the other.    The only doubt arising from the evidence is whether she ordered and received the gin in her individual capacity, or as administratrix of Shorter's estate.    That question was fairly submitted to the jury under the charge of the Court, as well as the question, whether, under the law, as given in charge, and the evidence, the plaintiff's demand was barred by the statute of limitations, and the jury found in favor of the plaintiff on both the questions submitted to them.

In our judgment, the verdict of the jury did substantial justice between the parties, and the Court below being satisfied with it, we will not disturb their finding.

Let the judgment of the Court below be affirmed.