SAUL *vs.* BUCK, HEFFLEBOWER & NEER.

1. If a witness is impeached, he is not to be believed, unless corroborated by other witnesses or circumstances in proof.
2. There being no evidence to show that certain creditors settled with their debtor upon information received by them from their own agent, but the evidence showing that such settlement was made on the basis of the representations of the debtor, a request based on the former hypothesis was properly refused.
3. The other grounds in this motion for new trial are controlled by the decision in *Woodruff vs. Saul*, 70 *Ga.*, 271.
4. A composition with creditors, brought about by false and fraudulent statements of the debtor, is void.
5. Where a debtor proposed to pay fifty cents on the dollar of his in-

debtedness, and at the same time paid some of his creditors in full, and promised to pay to others seventy-five cents on the dollar, but kept that fact concealed from the creditors who accepted a settlement at fifty cents, such settlement was fraudulent and void, and did not bind the creditors.

April 25, 1834.

Debtor and Creditor. Witness. Impeachment. Charge of Court. Fraud. Before Judge CLARK. City Court of Atlanta. June Term, 1883.

Buck, Hefflebower & Neer brought suit against Saul on account for goods sold. The main ground of defence was, that defendant had made a composition with his creditors, and had settled the claim of plaintiffs. Against this they insisted that the composition was fraudulent, and while purporting to be alike as to all creditors, certain creditors were given more than plaintiffs, and that it was therefore void. The evidence was conflicting. The jury found for plaintiffs. Defendant moved for a new trial, which was refused, and he excepted.

In connection with the second division of the decision, it may be stated that the defendant, at the time of the compromise, lived in Sweetwater, Tennessee, while plaintiffs lived in Baltimore, Maryland; that his store was burned; that plaintiffs had an agent on the ground who wrote and telegraphed to them several times on the subject; but defendant went in person to Baltimore, and effected the compromise; and that the evidence of plaintiffs was that they agreed to the settlement entirely on his representations and statements.

MYNATT & HOWELL; C. W. SMITH, for plaintiff in error.

REUBEN ARNOLD, for defendants.

BLANDFORD, Justice.

A verdict was rendered in favor of defendants in error against the plaintiff in error, and he moved the court for a

new trial, on various grounds, which was overruled, and this is excepted to. and error is assigned here on this exception.

1. One of the grounds of error in the motion is, that the court charged the jury that, if the plaintiff was impeached, he was not to be believed, unless corroborated by other witnesses or circumstances in proof. Under the facts in this case, we think that the court would have been justified in going much further than this. The evidence showed that plaintiff in error was sworn, and he testified in his own favor, and the main facts testified to by him were contradicted by his sworn answer to a bill in equity filed and pending in one of the courts of Virginia; and he was re-introduced, when he testified that he never read the answer; did not know that it was important. The defendants in error read his depositions taken in the Virginia case, in which he testified that the answer was drawn by his counsel, from a memorandum furnished by himself, and that the answer was true and correct. The jury might well have been instructed to give no credit to a witness thus impeached.

2. The next ground of the motion insisted on here is, that the court erred in not instructing the jury that, if the defendants in error made the settlement with the plaintiff in error from information received by them from their own agent, then the settlement was good.

The evidence showed that plaintiff in error made a composition with his creditors; that he represented the state of his affairs to defendants in error in the city of Baltimore, and obtained a settlement of fifty cents upon the dollar, he stating that this was all he could pay, and that he would have to borrow money to pay this, and that all of his creditors were to be paid in like proportion, and yet at the same time, he had paid some of them in full, and others he agreed to pay seventy-five cents on the dollar, which was concealed from defendants in error. Defendants in error made this settlement with plaintiff in error not on

account of any information which they received from their agent, but on the statements made by the plaintiff in error as to his assets and liabilities. A short time after this settlement, the plaintiff in error swore, in answer to the bill filed in Virginia against him, that he was worth eleven thousand dollars, and that when he made the compromise with his creditors, he was worth nine thousand dollars. We think the court did right to refuse to charge the jury as insisted on by the plaintiff in error. There was no evidence to require this charge.

3. The other grounds in the motion for new trial are fully covered and controlled by the decision of this court in the case of *Woodruff vs. Saul*,[*] this same plaintiff in. error.

4. The verdict of the jury in this case was demanded. by the evidence; a composition brought about by false and fraudulent statements of the debtor is void, and cannot stand.

5. The proposition of a debtor to pay fifty cents on the dollar of his indebtedness, when, at the same time, he has 'd some of his creditors in full, and promises to pay others seventy-five cents in the dollar, which is kept concealed from his other creditors, who accept a settlement at fifty cents on the dollar, is fraudulent, and such settlement is void, and will not bind the creditor.

The judgment of the court below is affirmed.