## FINDLAY *et al. v.* MINERALIZED RUBBER CO.

1. Even though answers to interrogatories be taken under the provisions of section 3891 of the code, a due transmission, according to the terms of section 3888, of the package containing the interrogatories and answers, is essential to their reception as evidence. Hence where such interrogatories and answers were transmitted through the mail, and it does not appear from certificates upon the envelope in which they were enclosed that the package was received by a postmaster from the commissioner named and duly forwarded by mail, and that the same was received by the postmaster at the point of designation by due course of mail, upon objection timely made upon the ground that such certificates do not appear, the answers should be excluded.
2. Inasmuch as the questions presented in the motion for a new trial, other than that dealt with in the preceding note, cannot be intelligently passed upon except in the light of the evidence which should have been excluded, they are not properly before this court for determination.

March 30, 1896.   Argued at the last term.

Action on bond. Before Judge Ross. City court of Macon. March term, 1895.

*Grace & Jones*, for plaintiffs in error.
*Willingham & Lane* and *John R. L. Smith*, contra.

ATKINSON, Justice.

The plaintiff recovered a judgment. The defendants, amongst other grounds, moved for a new trial upon the ground that the court erred in overruling certain exceptions taken by the defendants to a set of interrogatories, and in allowing the answers to such interrogatories to be read in evidence. The exceptions were in writing and notice thereof given to the opposite party in due time. The answers were taken upon consent by a single commissioner under section 3891 of the code. The exceptions were: (1) Because the package or envelope in which said interrogatories are contained having been sent by mail, the postmaster having received it from the commissioner has not certified

to that fact.   (2) Because the postmaster delivering the same to the court has not certified to the fact of its reception by due course of mail.   (3) Because a part, or what purports to be a part of the interrogatories, to wit: those marked exhibit "K," are not contained in the same envelope with the questions or with the certificate of the commissioner.   The motion for a new trial recites that the facts stated in said exceptions were admitted to be true, and it was further admitted that the package containing the interrogatories came to the clerk of the court by registered mail.

1. The question is, ought the answers, under these circumstances, to have been excluded?   We think so.   Due transmission of the result of the labors of a commissioner to take testimony is as necessary to its judicial recognition as is due execution of the commission itself, and so far as concerns the mere transmission of the answers taken, the provisions of section 3888 of the code apply as well to answers taken under section 3891 as to answers taken upon a commission regularly sued out.   It has been ruled by this court, that where interrogatories are taken by consent, as under section 3891 of the code, the execution and return are not controlled by the usual provisions of the statute. *Shorter* v. *Marshall*, 49 *Ga.* 31.   The execution of a commission is the act of requiring the witness to appear before the commissioners and depose in response to the interrogatories propounded.   The return is the statement made by the commissioners to the court touching the execution of the interrogatories.   The execution of the interrogatories and return by the commissioners must be complete before they are ready for transmission.   When they are ready for transmission, section 3888 of the code provides how and in what manner that may be accomplished.   Before they can be received, they must be duly accredited to the court.   They may be delivered by the person named as commissioner in person, or they may be delivered by some private hand.   In the latter case, the person receiving and delivering them in

court must make affidavit of the fact that they were delivered to such person by such commissioner, and of their freedom from alteration. They may be transmitted by mail. In that case, the statute requires that the postmaster receiving them from the commissioner must certify to that fact, and the postmaster delivering them to the court must certify to their reception by due course of mail. So it will be seen, that whatever method of transmission is adopted, the progress of the package from the time it leaves the hand of the commissioner until it is delivered into the court must show that it has not, in the act of transmission, come into the control of any person unauthorized to assist in its delivery to the court. There is no authority for the substitution of a transmission by registered letter for the special method of transmission through the mail pointed out by the statute. This is essential to the due authentication of the evidence contained in the answers, because otherwise the court could never know that the testimony received by it for use was the same actually transmitted to it by its commissioner who was designated by the parties to take the depositions of the witness.

It will be observed by reference to the cases of *Shorter* v. *Marshall*, 49 *Ga*. 31, *supra*; *Fry* v. *Shehee*, 55 *Ga*. 208, both were cases in which the question turned upon the execution of the consent entered into in lieu of a commission, and the return of the commissioners thereon. As to what constitutes the return of a commission, see *Flournoy & Epping* v. *First National Bank of Jeffersonville, Ind.*, 78 *Ga*. 222. So it will be seen that the question here is upon due transmission, and not upon the improper execution or return. The case of *Davis* v. *Central Railroad*, reported in 60 *Ga*. 329, is to the effect that, where counsel acknowledged service and waived copy, waived commission and commissioners, consented that the witness write out his own answers and swear to them before a notary public, and seal them up and deliver them to the clerk without further

formality, and that his answers be read as if regularly taken, if some of the interrogatories are not fully answered, this defect in the execution of the consent is no reason for the suppression of the interrogatories. In the present case the interrogatories were not transmitted to the court in the manner prescribed by law. There was nothing from which the court could legally presume that the answers which came into the court were the same answers taken by the commissioner, and they should not have been allowed to go to the jury.

2. The other questions made upon the motion for a new trial are so largely dependent upon the evidence thus illegally admitted, that without it they cannot be considered, and indeed could not arise, and hence their discussion is unnecessary.          *Judgment reversed.*