## GILES v. THE STATE.

126  549
Case 3
130  142

EVANS, J.  The evidence for the State authorized a finding that the accused and the deceased became engaged in a sudden quarrel, which led up to a mutual combat between them with deadly weapons; and therefore the conviction of voluntary manslaughter should be allowed to stand, no complaint being made that the court below committed any error of law during the progress of the trial.

> *Judgment affirmed.  All the Justices concur.*

Submitted October 15,—Decided November 7, 1906.

Conviction of manslaughter.  Before Judge Kimsey.  Rabun superior court.  June 21, 1906.

*W. S. Paris* and *H. H. Dean,* for plaintiff in error.

*W. A. Charters, solicitor-general,* contra.

---

## NASH v. THE STATE.

LUMPKIN, J.  1. The court having charged that in order to convict the defendant they must believe him guilty beyond a reasonable doubt, and that if they had a reasonable doubt arising from the evidence or want of evidence submitted in the case, it would be their duty to acquit, it furnished no ground for a new trial that he did not proceed further and define and explain to the jury what constitutes a reasonable doubt. *Nelms* v. *State,* 123 *Ga.* 575, 578.

2. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

> *Judgment affirmed.  All the Justices concur.*

Submitted October 15,—Decided November 7, 1906.

Accusation of stabbing.  Before Judge Bush.  City court of Miller county.  July 7, 1906.

*W. I. Geer,* by *Z. D. Harrison,* for plaintiff in error.

*N. L. Stapleton, solicitor,* contra.