## 2699.  JOHNSTONE *v.* ETOWAH MILLING COMPANY.

1. The construction and legal effect of the contract between the parties was stated by the court to the jury with reasonable accuracy.
2. Before interrogatories or depositions are admissible in evidence, these three things must appear, unless waived: proper execution, proper return, proper transmission. A waiver of the usual formalities of execution and return does not operate as a waiver also of the prescribed formalities of transmission to the court.

DECIDED FEBRUARY 15, 1911.

Complaint; from city court of Cartersville—Judge Foute. May 7, 1910.

*J. E. & L. F. McClelland, Paul F. Akin,* for plaintiffs.

*John T. Norris,* for defendant.

POWELL, J. The partnership of W. R. & C. E. Johnstone sued the Etowah Milling Company for the balance claimed to be due on a promissory note for about $1200, on which was a credit of about $850. The defendant pleaded that after the giving of this note it became financially embarrassed and offered a composition to creditors, by which they were to accept 50 per cent. of their claims in full payment, and that the plaintiffs, having accepted the composition, were bound by it; that under this agreement of composition, the defendant shipped to the plaintiffs a car-load of its mill products to be disposed of, with the understanding that when the plaintiffs had retained enough of the proceeds to pay the 50 per cent. of the debt represented by the note sued on, they would ac-

count for the remainder; and as the proceeds of the mill products amounted to $212 more than 50 per cent. of the plaintiffs' debt, it prayed judgment against the plaintiffs for this sum. The jury found in favor of the defendant's plea, and judgment was awarded against the plaintiffs for the $212.

1. To support the contention that there was a composition by which its creditors were to be paid 50 per cent. of their claims in full settlement, the defendant exhibited the following writing: "We, the undersigned unsecured creditors of the Etowah Milling Company, agree to accept fifty cents on the dollar in full settlement of our claims against said company as represented by the amount opposite our name, provided all other unsecured creditors of said company accept the same proportion of their claims in full settlement," signed by the plaintiffs and another creditor. There were other creditors than these; but a witness testified that while they did not sign the writing referred to, they did in fact accept the terms of the settlement and were paid accordingly. There was, however, testimony to the contrary; but the verdict is to be construed as settling this conflict.

Several exceptions are made as to the charge of the court. Considering it as an entirety, it is to be fairly construed as holding and as presenting to the jury with reasonable clearness this view of the proposition involved in the case: that the plaintiffs, by signing the proposition of composition, became bound by its terms, but one of its terms was that they should not be required to accept the 50 per cent. in full settlement, unless all other unsecured creditors likewise accepted; but that this acceptance of the other creditors could be evidenced otherwise than by their signing the writing; and that if all the others did accept the terms proposed in the agreement, the plaintiffs became bound to accept the 50 per cent. of their claim in full settlement; that if one of these other creditors accepted the agreement but had not been paid the amount coming to him, this fact would not release the plaintiffs from the agreement, as that would merely afford a matter of controversy between the defendant and that particular creditor; that unless all the other creditors accepted the agreement or accepted payment under the agreement, the plaintiffs would not be bound by the proposition to accept the 50 per cent. We think that this correctly states the legal construction and effect of the contract. The slight ambiguity arising from the

court's using the phrase "would be bound by the contract," to express first the notion that the plaintiffs would be bound to a conditional proposition, and then to express the notion that they would be unconditionally bound when the condition was fulfilled, was not so misleading, when viewed in the light of the context in which the respective uses appear, as to justify a reversal.

2. The plaintiffs tendered in evidence a set of depositions reciting on their face that they were taken by consent, with formalities of execution and return waived, before a court commissioner in Atlanta: There was no entry on the depositions showing their proper transmission from Atlanta to the court, either by mail or by private hand. The court excluded the depositions over both the grounds of objection, that the agreement under which the depositions were taken was not shown, and also that they had not been properly transmitted to the court; it being conceded that they had been sent from the plaintiffs' attorney in Atlanta to the plaintiffs' attorney in Cartersville. Attached to the grounds of the motion for a new trial is what we may concede, for the sake of the argument, was a sufficient showing that the depositions had been taken by consent, and that there was a waiver as to the usual formalities as to execution and return. So far as the certificate of the commissioner and the other writings, including letters of counsel, show, there was no agreement waiving the usual methods of transmission. There was some testimony as to further oral agreements of counsel, but such agreements can not be enforced. Civil Code (1895), § 5651 (Civil Code (1910), § 6278). Before depositions or interrogatories are admissible in evidence, three things should appear, unless waived: proper execution, proper return, proper transmission to the court. A waiver of the usual formalities of execution and return does not operate to waive the prescribed formalities as to transmission. Findlay v. Mineralized Rubber Co., 98 Ga. 275 (25 S. E. 456). After a careful examination of the case as a whole, we see no legal reason for ordering a new trial.                     Judgment affirmed.