## 20165. VON EBERSTEIN v. STANDARD OIL COMPANY OF KENTUCKY.

JENKINS, P. J. 1. Where a debtor proposed to pay a certain per centum of his indebtedness, and at the same time paid some of his creditors a larger proportion of their claims, but kept that fact concealed from the creditors who accepted the proposed settlement, such settlement was fraudulent and void, and did not bind the creditors. *Saul* v. *Buck*, 72 *Ga.* 254 (5). Thus, an agreement with certain creditors whereby they agreed to accept twenty-five per cent. of their claims in full settlement, made upon condition that all unsecured creditors should accept the same terms, would not be binding if such creditors not entering upon the agreement should, without the knowledge or consent of the compromising creditors, be paid a larger proportion of their claims. This is true despite the general rule that it is not necessary that all creditors join in a composition, but that those who do assent to the composition are bound, and those who do not are not bound (8 Cyc. 449; 12 C. J. 261, § 22), since "if the composition agreement requires that a specified number of the creditors, whether all or less, shall join, there will be no composition, and even those who enter into the agreement will not be bound unless the required number compound." 12 C. J. 262, § 23; *Johnson* v. *Etowah Milling Co.*, 8 *Ga. App.* 807, 808 (70 S. E. 180). A requirement of the composition agreement that all the creditors should join is not waived by acceptance of payment under the agreement without knowledge that all of the creditors have not joined.

2. Under the foregoing rulings, the general demurrer to the creditor's petition as amended, which set up in substance that the compromise agreement pleaded by the defendant in the instant suit on open account was entered upon with the condition that the composition would not be effective unless all of the unsecured creditors joined therein, was properly overruled; and since the testimony, while sharply in conflict, authorized the finding in favor of the plaintiff upon this issue of fact, the judgment in the municipal court should not be set aside as being unauthorized by the evidence.

3. While the defendant in the instant case pleaded in general terms that he was not indebted on the account sued on, his plea further set forth, as constituting the reason why he was not indebted, the alleged payment of 25 per cent. of the plaintiff's account in full settlement. *Dendy v. Gamble*, 59 *Ga.* 434 (2). The court ruled that under the pleadings the plaintiff was not required to prove the account sued upon, but that no question was made by the pleadings with reference to its validity, and that the only question for determination was the one made by the pleadings as to the validity and binding effect of the alleged executed compromise agreement. Accordingly, the judgment in favor of the plaintiff can not be set aside for the reason that the testimony failed to show the correctness of the account sued on.

4. The judge of the superior court did not err in overruling the certiorari.

     *Judgment affirmed. Stephens and Bell, JJ., concur.*

       DECIDED SEPTEMBER 6, 1930.

*Paul E. Seabrook, Charles E. Donnelly,* for plaintiff in error.
*Nephew K. Clark,* contra.