22944. SPAULDING OIL MILL INC. *v.* MAYES *et al.*

PER CURIAM. The petition set out a cause of action, and the court properly overruled the general demurrer. BROYLES, C. J., dissents.

DECIDED JANUARY 12, 1934. REHEARING DENIED FEBRUARY 12, 1934.

614

*Haas, Gambrell & Gardner,* for plaintiff in error.

*C. L. Padgett, Charles D. Hurt, George G. Finch, Abraham Ziegler,* contra.

BROYLES, C. J., dissenting. (After stating the foregoing facts.) The majority of this court hold that the petition set out a cause of action, and that the judge properly overruled the general demurrer.

In the opinion of the writer, the petition, properly construed (most strongly against the plaintiff), shows that at the time of the accident in which the husband of plaintiff was killed the defendant's truck, in which he was riding, and which was driven by a servant of the defendant, was not being operated in the prosecution and within the scope of the defendant's business; and that, under the law of master and servant, the defendant was not liable. Counsel for the defendant in error admit in their brief that the allegations of the petition show that the husband of the plaintiff at the time of the accident, which was on a Sunday, was engaged in a transaction that "did not facilitate the business of the master;" and the petition also shows that the driver of the truck, while engaged in the *same* transaction, was not acting in the prosecution and within the scope of his master's business; and the petition fails to allege that the injury was done by the defendant's command. It follows that the master (the plaintiff in error in this case) was not liable (Civil Code (1910), § 4413), and that the court erred in overruling the general demurrer to the petition.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*

### ON MOTION FOR REHEARING.

Per Curiam. The petition in this case alleges that the deceased was employed on September 15, by the Spaulding Oil Mill Inc., to labor as a mechanic in its mill in Griffin, Georgia, and that on October 1 the Spaulding Oil Mill Inc. agreed to furnish to him a truck for the purpose of moving his family and household goods from Atlanta to Griffin. It is reasonable to suppose that the defendant company was concerned in having him moved from Atlanta to Griffin in order that the employment might continue, and thus promote the business of the oil mill. There may have been no duty or obligation on the part of the defendant company to furnish a truck for such purpose, but whether it facilitated the company's usual business or not, it undertook so to do gratuitously and actually furnished the truck, gas and oil, and driver for such purpose. The petition alleges that the custody and control of the truck remained in said company by and through its driver, Andrew Walker, and that Andrew Walker as employee of said company had the entire control and direction of the operation and speed of the truck. The driver was in entire control and the deceased was expressly

notified that the truck was not entrusted to him but to the driver, Andrew Walker. Under the allegations of the petition the driver was under the direction and control of the defendant company and not under the direction or control of the deceased. A defendant is not liable for the negligent operation of a motor-vehicle belonging to him when it is being handled by his servant but not in the conduct of his business and without his knowledge or consent. If operated with the knowledge and consent of the defendant and at his direction, it is immaterial whether it was being operated within his ordinary business. Such special use at the time may be in law the business of the defendant so as to bind him for injury occasioned thereby. The defendant contends that Walker was not engaged in the business of the oil mill; but that if Walker was acting as a servant and agent of the oil mill, and was engaged on the business of the defendant at the time of the accident, then Walker and Mayes were fellow servants and there can be no recovery by the plaintiff for the homicide of her husband.

"The real test by which to determine whether a person is acting as a servant of another is to ascertain whether at the time when the injury was inflicted he was subject to such person's orders and control, and was liable to be discharged by him for disobedience of orders or misconduct." *Brown* v. *Smith & Kelly,* 86 *Ga.* 277 (12 S. E. 411, 22 Am. St. R. 456); *Greenberg & Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544 (106 S. E. 624); *Reaves* v. *Columbus Electric Co.,* 32 *Ga. App.* 140 (122 S. E. 824); *United States Fidelity &c. Co.* v. *Stapleton,* 37 *Ga. App.* 707 (141 S. E. 506); *Atlanta Coach Co.* v. *Curlis,* 42 *Ga. App.* 639 (157 S. E. 344). In 1 Sherman & Redfield on Negligence, 392, § 162, it is said: "The hirer can not properly be said to have control of the servants, unless he has the right to discharge them and employ others in their places in case of their misconduct or incapacity. . . If the hirer is vested with the exclusive control with the right to discharge the servants and to employ others, he alone is responsible for their defaults. Where a person hires the personal property of another, who supplies, under the contract, a servant charged with the general management and control of the property, although the hirer acquires, to a limited degree, a dominion over the servant, with a right to superintend and direct his conduct, the owner continues responsible for the servant's negligence, though it occurs in the per-

formance of work in which the hirer alone is interested." Whether the furnishing of the truck, fuel and driver by the defendant company in the instant case was for hire or was gratuitous would be immaterial so far as the foregoing principle of law is concerned, but would determine the degree of negligence necessary for the plaintiff to prove in order to recover. If plaintiff's family and household goods were being transported gratuitously, proof of gross negligence would be necessary to authorize a recovery. *West* v. *Rosenberg*, 44 *Ga. App.* 211 (160 S. E. 808).

Even construing the petition most strongly against the pleader, a fair construction thereof brings us to the conclusion that Spaulding Oil Mill Inc. furnished the truck, the fuel, and an employee, Andrew Walker, to drive the truck; that the defendant company was afraid to trust plaintiff's husband with the truck, and, therefore, it placed the truck under the custody, control, and "exclusive" direction of Walker, who was responsible to the company therefor. Plaintiff's husband not only did not have the "exclusive" right to discharge Walker, but, under a reasonable construction of the petition, he had no right at all to do so. As stated in Babbitt *v.* Say, 120 Ohio St. 190, which is not in conflict with Georgia authorities on this subject, "the safety and well-being of the truck was a matter of concern to the owner, and he retained entire control thereover, and to that end he did not part with the power to select or discharge the person in whose care and custody he placed the truck, to wit, the driver," Walker. Under the allegations of the petition, Walker, at the time of the alleged injuries, was an agent and servant of, acting for and responsible to the defendant company on an enterprise undertaken by the company, viz. the transportation of plaintiff's family and household furniture from Atlanta to Griffin. Nor is the plaintiff precluded from recovering because of the fellow-servant rule. "The true test of fellow service is community in that which is the test of service, which is subjection to control and direction by the same general master in the same common object; but unless they are subject to the same general control, the fact that they are engaged in the same common pursuit does not render them coservants. *It is subjection to the same general control, coupled with an engagement in the common pursuit, that affords the test,* and unless the two elements concur there can be no common service, which disentitles an employee under the control of one master from

recovering for injuries received through the negligence of a servant under the control of another master." Wood's Master & Servant, § 435; cited in *Ellington* v. *Beaver Dam Lumber Co.*, 93 *Ga.* 53 (19 S. E. 21); *Holliday* v. *Merchants &c. Transportation Co.*, 161 *Ga.* 949 (132 S. E. 210). See also, *Ingram* v. *Hilton & Dodge Lumber Co.*, 108 *Ga.* 194 (33 S. E. 961); *Prather* v. *Richmond & Danville R. Co.*, 80 *Ga.* 427 (9 S. E. 530, 12 Am. St. R. 263).

The plaintiff's husband, the deceased, was not under the control of the defendant company in this enterprise. The defendant company gave him no directions, no orders, and no authority in the matter of driving this truck or directing the driving thereof. On the contrary, the defendant company specifically placed the authority and the responsibility in reference to this matter in its employee, Walker. The business of transporting plaintiff's family and household goods, undertaken by the Spaulding Oil Mill Inc. on this occasion, is a different business from that in which it is usually engaged, as indicated by its name. However, engaging in a business different from its usual business would not license the defendant company to indulge in negligence or free it from responsibility therefor. Furthermore, Walker and the deceased could be fellow servants in pursuance of the defendant's usual business, and not be fellow servants in the special or unusual business undertaken by the defendant company on the occasion in question. The fact that plaintiff's husband had been a fellow servant with Walker in making oil for the defendant company, or might have resumed the relation of fellow servant had he returned in safety to Griffin, does not show that they were fellow servants in transporting plaintiff's family and goods on this occasion. The only reasonable construction of the petition is that the deceased was not the servant of the oil-mill company in this undertaking, and that Walker was such servant. This being true, they were not subject to the same control in this enterprise, and, under "the true test of fellow service" quoted above, were not fellow servants.

Certainly the injuries of the deceased did not arise out of or in the course of his employment on this occasion, and there is no necessity that pleadings negative the application of the workmen's compensation law. Under the allegations of the petition, the defendant company, for reasons satisfactory to itself, was furnishing a truck to transport the deceased and committed an act of gross

negligence. Nothing said herein is contrary to what is held in the case of *Gillespie* v. *Mullaly, 30 Ga. App.* 118 (117 S. E. 98), and similar cases. The provisions of sections 4413, 4414 of the Civil Code have not been overlooked, and the authorities cited are in line with what is here being ruled.

*Rehearing denied. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*