SIMS *v.* THE STATE.

No. 14450.   MARCH 10, 1943.

488

*Jesse B. Simmons* and *Wesley R. Asinof*, for plaintiff in error.

*T. Grady Head, attorney-general, John A. Boykin, solicitor-general, Durwood T. Pye, E. E. Andrews, L. C. Groves,* and *A. J. Hartley, assistant attorneys-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.)

■ The first special ground of the motion complains of error by the court in permitting the solicitor-general to make certain statements to the jury in reference to "who it was that committed the offense," in outlining the State's case to the jury before the introduction of evidence. The statements complained of as having been made by the solicitor-general are not incorporated within the ground of the motion. "A ground of a motion for new trial should be complete in itself, and other parts of the record will not be looked to for the purpose of making the ground certain or definite." *Ewing* v. *State,* 183 *Ga.* 127 (187 S. E. 628), and cit.

■ The second headnote requires no elaboration.

■ While the witness Gertrude Robinson was on the stand, and after she had testified that she was with the accused immediately

before the crime was committed, and that he left her near the place, the accused objected to the following testimony: Q. "Did the defendant tell you where he was going when he left you?" A. "I said, Mose . . When we got to where I lived, I said, 'Are you going home?' and he said, 'No.' He said he was going up on Decatur Street." Objection was made to this testimony on the ground it was irrelevant and immaterial and had no bearing on the issues of the case. This evidence was admissible for the purpose of accounting for the presence of the accused at the place of the crime. Code, § 38-302. There could not have been any error in receiving this testimony, as the accused in his statement to the jury admitted he was at the place and had a physical difficulty with Mrs. Kuehnle.

■ The witness Gertrude Robinson testified: "I heard him [accused] make a statement after he was arrested and taken to the police station. No one did anything to him to make him make that statement at the police station." Q. "Tell us what was said and done." The motion for new trial contains no reference to any testimony other than that just quoted, nor does it set forth any objection interposed in the trial court. Accordingly it is subject to the rule stated in the first division of this opinion.

■ The court permitted the State to introduce in evidence a coat and cap. Mrs. Kuehnle had testified that the accused was dressed in a dark coat and a cap. Gertrude Robinson testified that on the night of the assault the accused, before going to bed, hid his coat and cap under the bed, and that later these articles were turned over to the police. They were identified in court by Gertrude Robinson. These articles were admissible for the purpose of identification of the accused. Had they not been admissible, such evidence would not have been harmful, as the accused in his statement admitted that he had a fight with Mrs. Kuehnle.

■ The court did not err in permitting the State to place a witness on the stand for the purpose of amplifying testimony she had previously given; even though both the State and accused had announced "closed," and were about to begin argument. It is in the discretion of the trial judge whether a case shall be reopened for new evidence. *Strickland* v. *State,* 115 *Ga.* 222 (41 S. E. 713).

■ Ground 7 of the motion is as follows: "Movant contends that the court erred in refusing to strike from the records the pur-

ported confession, on the ground that it was secured by coercion. Movant then and there objected, and now objects and insists that the said document was not admissible, and its admission was highly prejudicial to movant and is contrary to law." This is not a good ground for new trial. It does not set forth any objection to the evidence made at the time of its introduction, nor does it incorporate the evidence within the ground of the motion. Accordingly it is not complete within itself, and is subject to the same rule as is announced in the first division of this opinion.

■ A ground alleging that the court erred in charging the jury: "You have the right to believe the defendant's statement in preference to the sworn testimony of the witnesses," is without merit. The court charged fully on the law in reference to the defendant's statement. This was the last sentence in the charge on that subject, and is not error for any reason assigned.

■ In defining rape to the jury, the court charged as follows: "The offense charged here is rape, and rape is the carnal knowledge of a female forcibly and against her will. You will notice that there must be carnal knowledge, which means a penetration of the male organ into the female organ—at least a slight penetration, but there must be a penetration. It must be against the will of the female. Of course it must be forcibly and without the consent of the female involved." Accused contends that the last sentence, "of course it must be forcibly and without the consent of the female involved," was an expression "that would lead the jury to believe or draw emphasis that there was force." This charge did not express any opinion as to what had or had not been proved, and no error was committed.

■ After charging the jury that in the event they found the defendant guilty, there were two verdicts they could return, to wit, a verdict of guilty, which would mean the death sentence, or a verdict of guilty with recommendation to mercy, in which event the jury would fix the punishment at not less than one year or more than twenty years, the court charged as follows: "There is no rule or standard that I can give you in determining whether or not you would make a recommendation of mercy in the event you find a verdict of guilt. That is a question that the law leaves to the enlightened consciences of impartial jurors. You could take into consideration all the evidence in the case and the defendant's

statement, in determining that question. That right should not be exercised capriciously, but with a wise discretion, prudently and wisely exercised. It should be the deliberate view of the jury under all the circumstances, considering the rights of the defendant and the rights of society, as shown by the evidence and by his statement." The accused asserts that the last sentence in the foregoing charge was error, in that this "has a tendency to discredit a statement of the defendant by comparing it with evidence, and would have a tendency to illustrate discrepancies." This charge was not subject to such criticism.

The court fully charged the law on the issues involved in the trial. The evidence amply supported the verdict. The court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*