33856. ELLISON, Administrator, *et al.* v. EVANS *et al.*

Decided January 31, 1952.

294

*Oscar Roberts, Andrews, Nall & Sterne,* for plaintiffs.
*Harris, Henson & Gower,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is the duty of this court, in deciding whether or not the trial court erred in granting a nonsuit, to determine from the record of the testimony, together with all reasonable inferences to be drawn therefrom, whether the plaintiff has proved his case as laid. It is contended by the defendant in error that the plaintiff failed in this respect because the evidence here fails to support the allegation that the truck driver Hayes was, at the time of the occurrence which resulted in the death of the plaintiffs' decedent, not acting in the scope of his employment. It is well settled that,

if the plaintiff proves his case as laid without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict, it is error to award a nonsuit. *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17).

In testing. a motion for nonsuit, the evidence should be construed most strongly in favor of sustaining the action. The exception to this rule regarding the testimony of the plaintiff himself, as stated in *Ray* v. *Green,* 113 *Ga.* 920 (39 S. E. 470), is not applicable here.. A nonsuit will be refused if there is even slight evidence to support the plaintiff's case. *Clark* v. *Bandy,* supra; *Barnett* v. *Terry,* 42 *Ga.* 283 (3); *Elrod* v. *McConnell,* 170 *Ga.* 892 (154 S. E. 449). If the plaintiff's evidence, construed most favorably to him, makes out a prima facie case, a nonsuit should be refused. *Brown* v. *A. C. L. R. Co.,* 79 *Ga. App.* 56 (52 S. E. 2d, 660); *Henry* v. *Roberts,* 140 *Ga.* 477 (79 S. E. 115). Counsel for the defendant in error, in his contention that the case must fall unless proof that the servant Hayes was acting within the scope of his employment and at the master's command is "clear and convincing to carry the burden of proof," cites *Spaulding Oil Mill* v. *Mayes,* 48 *Ga. App.* 613 (172 S. E. 734), *Jordan* v. *Thompson,* 58 *Ga. App.* 199 (198 S. E. 302), and other cases having to do with rulings on demurrer, alleged errors in the charge of the court, and the like, where the rules regarding the construction of pleadings and evidence are more stringent. They do not have application to rulings . granting a nonsuit. While it is true that mere consent by the owner for another to use his automobile will not render him liable for damages caused by such other, "the criterion by which to determine whether the relation existed as alleged is to ascertain whether at the time of the injury the alleged servant was subject to the defendant's orders and control and was liable to be discharged by him for disobedience to orders or for misconduct," proof that one is the employee of another creating the presumption that he is subject to his orders and control. See *Graham* v. *Cleveland,* 58 *Ga. App.* 810 (200 S. E. 184) and cases therein cited.

The plaintiff's evidence establishes without equivocation that both Hayes and Haynes were employees of the defendants, and there is no evidence tending to suggest that Clay Evans could

not or did not give instructions to one employee to be relayed to another. Consequently, when he authorized Haynes to have Grady Hayes get the furniture "any Saturday he was not hauling lumber," the jury might well have found that this was a direct instruction to Hayes to be delivered by Haynes, the particular date being left to the discretion of the latter, but the duty imposed, i.e., to get the furniture, being by his own authority and command. Haynes further testified that he had no authority over the driver of the truck except to instruct him where to go, thus negativing the proposition that Haynes was acting as his servant rather than as servant of the Evanses. The consideration for hauling the furniture was to be paid to the Evanses and not to Haynes, and Haynes received his compensation directly from the Evanses. Clay Evans's statement, that he would "charge him what was right," was not too indefinite to sustain an express contract between the parties on à quantum meruit basis. See *McLendon* v. *Moore,* 42 *Ga. App.* 580 (1) (157 S. E. 214).

It is generally held that, where an owner of a motor vehicle hires it, together with the driver, to another, the latter having no supervision or control of the servant's mechanical operation thereof, and no right to discharge the driver and take over the operation of the vehicle himself or put it in the hands of another to operate, the owner of the vehicle who employs the driver, rather than the hirer, is responsible for the driver's negligence. See *Albert* v. *Hudson,* 49 *Ga. App.* 636 (1) (176 S. E. 659); *Spaulding Oil Mill* v. *Mayes,* 48 *Ga. App.* 613, supra; *Greenberg & Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544 (106 S. E. 624). Nor does the fact that, at the time of the unfortunate occurrence, the driver was on his way to the lumberyard to get lumber with which to fasten the furniture more securely on the truck, alter the situation, on the ground that he was deviating from the mission, since, if he was moving the furniture under the authority of the master in the first instance, his authority would include all necessary and usual means for effectually accomplishing the task. Code, § 4-301.

The evidence supported the allegation that the truck driver of the defendants, Haynes, was at the time of the occurrence in question acting in the scope of his employment. The jury

would have been authorized, had the case been submitted for its consideration, to have found a verdict for the plaintiffs, who supported by some evidence all the allegations of their petition essential to their recovery. Accordingly, the judgment of the trial court awarding the nonsuit is error.

■ Error is also assigned on the ruling of the court excluding the testimony of a witness as to the speed of the defendants' truck at the moment of impact, on the ground that he had not qualified as an expert to express an opinion as to the speed of the vehicle. The witness first stated that in his opinion the car was moving, "I would say about thirty-five or forty, I don't know just how fast." Over objection as to qualifications, he then stated that he had driven an automobile for about a year and had ridden in them all his life. The witness was then asked, "Do you have an opinion that you consider reasonably accurate as to the speed of automobiles, based on your experience from riding in cars and driving them?" The objection was renewed and the witness was not permitted to state his opinion as to the speed of the truck.

"The value of the opinion given in the plaintiff's testimony as to the speed of the train which struck her, based upon the facts she stated, *or the sufficiency or insufficiency of these facts to authorize the opinion given by the witness* was a matter to be determined by the jury; and the court did not err in admitting the testimony." *Lamb* v. *Sewell*, 20 *Ga. App.* 250 (1) (92 S. E. 1011). (Italics ours.)

"The opinion of a non-expert witness as to the speed of an automobile when he saw the machine in motion is admissible for the purpose of determining the rapidity at which it was running. The comparative value of opinion evidence of expert and non-expert witnesses is for the jury." *Fisher Motor Car Co.* v. *Seymour & Allen*, 9 *Ga. App.* 465 (71 S. E. 764). "It is not held to be objectionable to allow a witness to testify to his opinion of the speed of a horse, a train of cars, and various movable objects. The jury can give this opinion just such weight as they think proper, judging it by the circumstances and the opportunities enjoyed by the witness for forming a correct opinion." *Augusta Ry. & Elec. Co.* v. *Arthur*, 3 *Ga. App.* 513, 517 (60 S. E. 213). And the witness may offer such speed as

his estimate, although he refuses to swear positively that his estimate of the speed is absolutely accurate, where it appears that he believes it to be substantially correct, the credit to be given such testimony being for the jury. *Thornton* v. *King*, 81 *Ga. App.* 122 (4) (58 S. E. 2d, 227); *Engle* v. *Finch*, 37 *Ga. App.* 389 (4) (140 S. E. 632); *Rentz* v. *Collins*, 51 *Ga. App.* 782 (4) (181 S. E. 678). The court erred in refusing to allow the witness to give in evidence his estimate of the speed of the defendants' truck.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*