### 19196. HAMMOND *v.* THE STATE.

DUCKWORTH, Chief Justice. 1. A non-expert witness may, after having seen another person, testify that such person "seemed to be all right." *Railway Express Agency* v. *Mathis,* 83 *Ga. App.* 415 (63 S. E. 2d 921); *Sims* v. *State,* 195 *Ga.* 485 (25 S. E. 2d 1).

2. Where testimony which is not obviously prejudicial is objected to upon the ground that "I don't see how this is material, we are not trying anyone but Willie Hammond," it is not reversible error to overrule the objection and admit the evidence.

3. The testimony of a doctor that, based upon his examination, he formed an opinion that the accused was under the influence of intoxicants at the time of the wreck was not inadmissible upon the ground of objection that it was responsive to a question directing the witness to say whether or not, based upon the examination, the accused was intoxicated. *Franklin* v. *City of Macon,* 12 *Ga.* 257.

4. There was no error in allowing a witness who saw the laundry truck running testify that, in his opinion, it was at the time of the homicide going approximately 65 miles per hour, over the objection that this was a con-

clusion. *Atlanta, K. & N. R. Co.* v. *Strickland,* 116 *Ga.* 439 (42 S. E. 864); *Thornton* v. *King,* 81 *Ga. App.* 122 (58 S. E. 2d 227).

5. To direct a witness to say whether an intoxicant was whisky or gin is not leading, and the answer that "definitely it was whisky" was not inadmissible upon the ground that it was elicited by a leading question. *Fountain* v. *State,* 7 *Ga. App.* 559 (67 S. E. 218); *Shorter* v. *Marshall,* 49 *Ga.* 31; *Parker* v. *Georgia Pac. R. Co.,* 83 *Ga.* 539 (10 S. E. 233).

6. When a witness was asked if, from having seen the defendant, and the conditions there, he was able to form an opinion as to whether or not the defendant was intoxicated, to which the witness answered in the affirmative, there was no merit in the objection that it was a conclusion.

7. It was not error to allow a certified copy of the death certificate introduced in evidence. Code § 88-1212; *Woodruff* v. *American Mut. Liability Ins. Co.,* 67 *Ga. App.* 554 (21 S. E. 2d 298).

8. In the charge, the court repeatedly instructed the jury that, in order to convict, they must believe the accused guilty beyond a reasonable doubt, and that, if they found the State failed to carry the burden of proving guilt beyond a reasonable doubt, they should find the defendant not guilty. There is no merit in the complaint because, without a request, the court failed to define reasonable doubt. *Battle* v. *State,* 103 *Ga.* 53 (29 S. E. 491); *Nash* v. *State,* 126 *Ga.* 549 (55 S. E. 405); *Nelms* v. *State,* 123 *Ga.* 575 (51 S. E. 588); *Elder* v. *State,* 143 *Ga.* 383 (85 S. E. 197).

9. The lengthy suggested charge on the corpus delicti, which the movant contends should have been given, will not be set forth here. Suffice it to point out that the court fully charged the law with reference to murder, reasonable doubt, and burden of proof. There was no error in failing to define corpus delicti and the burden of proving it.

10. The charge that a non-expert witness could give his opinion as to the speed at which a truck or automobile was traveling, provided he gives reasons therefor, or the facts upon which his opinion is based, is not subject to the criticisms that it is in the alternative and is a wrong standard or basis for such testimony. *Lamb* v. *Sewell,* 20 *Ga. App.* 250 (92 S. E. 1011); *Ellison* v. *Evans,* 85 *Ga. App.* 292 (69 S. E. 2d 94). Nor was the charge subject to the complaint that it unduly stressed the contentions of the State.

11. The correct charge on express malice is not erroneous because of a failure to charge that express malice was not involved in this case.

12. Where the involuntary killing of a human being "shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being . . . the offense shall be deemed and adjudged to be murder." Code § 26-1009; *Hardy* v. *State,* 209 *Ga.* 361 (72 S. E. 2d 723), and cases cited therein.

13. There is evidence that the accused was driving a laundry truck, in which the deceased was riding, at a speed of 65 or 70 to 75 miles per hour and was intoxicated at the time of the wreck which resulted in the death of the deceased. This authorized the verdict convicting of murder under Code § 26-1009. This court did not write that law, but we are sworn to obey and uphold it. Therefore, given the facts that the deceased was riding with this defendant, who was operating an automobile while intoxicated and at a speed that is prohibited by a penal law, the defendant was undoubtedly committing unlawful acts which naturally tended to destroy

human life, and death resulted therefrom. So long as the law stands the conviction can not be judicially held to be unauthorized by the evidence.

14. For the reasons stated above, none of the general or special grounds of the motion for new trial is meritorious, and the court did not err in overruling the same.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 14, 1956.

*Norman I. Miller*, for plaintiff in error.

*Paul Webb, Solicitor-General, J. C. Tanksley, Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.

MOBLEY, Justice, concurring specially. I concur in the judgment, as under the facts in this case the defendant could reasonably have apprehended that his act of driving a truck at a high and negligent rate of speed, in violation of the speed limit, and while intoxicated, over a highway which was under construction, naturally tended to destroy human life. The concurring opinion of Justice Atkinson in *Huntsinger* v. *State*, 200 *Ga.* 127, 140 (36 S. E. 2d 92), expresses my views upon this question.

HEAD, Justice, concurring. A wanton and wilful disregard of human life may be the equivalent of a specific intent to kill, and the jury may find that the accused acted in such state of mind when the wilful, wanton, and intentional acts result in the destruction of human life. See *Myrick* v. *State*, 199 *Ga.* 244, 248 ·(34 S. E. 2d 36), and citations. In the present case it appears that the defendant not only was operating a motor vehicle under the influence of intoxicating liquors and at an excessive rate of speed, but that he ignored and disregarded at least three warning signs that the road was under construction, and in disregard of the warning signs, drove his motor vehicle into such construction, which was open only for one-way traffic. The combination of acts in the present case authorized the jury to find that the defendant acted with that wilful and wanton disregard of human life equivalent to a specific intent to kill, and I therefore concur in the judgment of affirmance.