## FULTON COUNTY *v.* PHILLIPS *et al.*

1. The refusal of the court to have a verdict rendered at a previous trial, and which had been set aside, covered or in some way concealed from the jury, is not cause for a new trial when it appears by the affidavits of nine of the jurors that the jury did not know what the former verdict was, and did not read or examine it until they had made their verdict on the present trial, and that this verdict was based on the evidence in the case; especially when the court charged the jury to pay no regard to the verdict formerly rendered, nor to allow the same to have any effect on their deliberations in the case, but to try the case as if it had never been tried before. *Ga. Pa. Ry. Co.* v. *Dooley,* 86 *Ga.* 294.

2. According to repeated rulings of this court, the affidavits of jurors may be taken to sustain, but not to impeach, their verdict. Such affidavits may be received after a motion for a new trial has been argued and while the court is reserving its decision thereon, full opportunity being allowed the party against whom the verdict was rendered to procure and file counter-affidavits, if desired.

3. A second verdict having been rendered for the plaintiff, and the evidence being sufficient to support it, although the trial judge may have entertained the opinion that he had no legal right to disturb it, his judgment refusing a new trial will not be reversed.

4. The remaining assignments of error having been covered by the rulings of this court in the case of *Fulton County* v. *Amorous,* de-

Y 91-5

cided at the last term (89 *Ga.* 614), were abandoned by the plaintiff in error, and need not, therefore, be discussed.

November 4, 1892.                              *Judgment affirmed.*

Before Judge WESTMORELAND.   City court of Atlanta. June term, 1892.

Action by Mrs. Phillips and Miss Cunningham against the county, to recover the value of land taken, and for damages resulting from acts of the defendant in widening a public road.   At the first trial they obtained a verdict for $675; a second trial resulted in a verdict for $833.31 in their favor.   The county excepted to the refusal of a new trial, and to the consideration by the court of certain affidavits by nine of the jurors who tried the case, which were submitted by the plaintiffs' counsel after the motion for new trial was heard but before the decision thereon.

One of the grounds for new trial is, that the court, when requested by defendant's counsel, refused to order the first verdict to be covered or concealed from the jury, although the court charged them thus : "You will perceive, gentlemen, by examining the declaration, that there is a verdict and judgment upon it by a jury that tried the case formerly.   You are to pay no regard to that verdict and judgment.   It is to have no effect upon your deliberations in this case.   You are to try it just as if the case had never been tried before."   The affidavits of the nine jurors were to the effect that they did not know what the former verdict was, and did not read it until they had made the present verdict.   On receiving these affidavits the court notified defendant's counsel, and suggested that he might obtain affidavits of the jurors if he wished; but this he declined to do, and objected to the consideration of the affidavits taken, on the ground that they were inadmissible at that stage, the hearing of the motion having been had.   The objection was overruled.   In overruling the motion the

judge stated that if the decision in the *Dooley* case, 86 *Ga.* 294, had been before him on the trial, he would have adopted the suggestion made therein as to the verdict on former trial, but the case was not presented, and he did not think he had the right to mutilate or conceal any part of the record without the consent of the parties. He further stated that, this being the second verdict for the plaintiffs and the evidence being sufficient to support it, he did not think he had the legal right to disturb it, citing 7 *Ga.* 295.

Another ground for new trial was, that the court erred in charging the jury thus: "If you believe from the evidence that the plaintiffs were the owners and in possession of the land described in this declaration, and defendant in the manner alleged took the strip described, or any part thereof, and appropriated the same for public purposes such as widening the road, the plaintiffs would be entitled to recover on this branch of the case such sum as the evidence shows was the actual market value of the land so taken. And this would be true notwithstanding the defendant granted the order to take said property and widen said road on the condition that it should be done without expense to the county, unless you find that the plaintiffs had notice of the existence of such conditional order before the work was done. The mere record of said order on the minutes of the county commissioners would not be notice."

W. S. THOMSON, for plaintiff in error.
ARNOLD & ARNOLD, *contra.*