### DAWSON *v.* BRISCOE *et al.*

*Simmons, C. J.*—1. A deed to realty of considerable value, though on its face purporting to be executed upon a nominal money consideration only, may be supported by evidence showing that the grantee was the grantor's daughter, and that the real consideration was love and affection.

2. While, if practicable, the better practice would be to conceal from the jury trying a case the existence and contents of a former verdict rendered in the same case, a refusal to allow the verdict to be covered up by pasting over it a piece of paper will not be cause for a new trial, when that verdict was in favor of the party requesting its concealment, and the court, while informing the jury that it had been set aside, also distinctly, carefully and explicitly instructed them to treat it as though it did not exist, and to found their verdict upon the evidence then before them in the case.

3. There was no error in rejecting evidence tending to show that an alleged agent of another person had knowledge of facts

which might affect the title of that person to given property, when no evidence was either offered or introduced tending to establish the fact of agency.          *Judgment affirmed.*
February 7, 1896.

Complaint for land.   Before Judge Clark.   DeKalb superior court.   February term, 1895.

Dawson, as the only surviving heir at law of his mother, Sarah Burdett, brought suit to recover certain land.   By amendment he prayed for the cancellation of certain deeds as fraudulent and void, alleging that he had, in his mother's lifetime, bought and paid for the land and for a house built thereon, and had caused the title to be made to her; that afterwards, while she was sick, demented, mentally incapable of executing any deed or contract, under the influence and control of her daughter Cornelia Dawson (afterwards Morris), she executed, by procurement of Cornelia, a deed conveying the property to said Cornelia upon the expressed consideration of $5, though no consideration whatever was in fact paid, and the deed was kept secret from plaintiff; that afterwards Cornelia conveyed the property to Mrs. Frank through the procurement of one Liebman, a real estate agent, who knew of plaintiff's rights and put on foot a scheme to defraud him, and whose acts had been ratified with knowledge by Mrs. Frank; and that Cornelia Morris had died, leaving no property, and there was no administration on her estate.   There was a trial resulting in a verdict for the plaintiff, which on defendants' motion was set aside.   On the second trial the verdict was for defendants; and plaintiff's motion for a new trial was overruled.

1. It appeared from the evidence that the land was worth $400.   Over plaintiff's objection, three witnesses were permitted to testify that Sarah Burdett told each of them that she was going to give the land to Cornelia Morris, and subsequently told one of them that she had done so.   The objection was, that this evidence contradicted the deed as to

the consideration therein recited. Further error was assigned upon the charge of the court, in substance, that if the vendor and vendee were parent and child, and the deed were founded upon a consideration of love and affection, it would be good, as touching the contention that it was void for inadequacy of consideration.

2. Error was assigned upon the refusal of the court to allow plaintiff's counsel to paste a cover over the former verdict so as to conceal it from the jury; and upon the court's charge in relation thereto, to wit: "You may find upon the declaration a verdict. I allude to that to say to you that it is not to influence your minds in the slightest. You are to treat it as though that did not exist, and find your verdict upon the evidence in this case and the law which the court has given you in charge upon it. Also, you will have learned, and necessarily know, as there has been a verdict, that they could not get back into court again unless the presiding judge had granted a new trial; and as to that I say, you are to treat the verdict as though the verdict had never been made and the grant of a new trial had never been made in this case."

3. Plaintiff's counsel sought to prove by a witness on cross-examination, that when Liebman, the agent and son-in-law of Mrs. Frank, went to buy the land for her, and before he bought it, he talked with the witness, who told him that plaintiff claimed that he owned a half-interest in the land, and that Mrs. Burdett was not competent to make a deed. This was excluded. There was no evidence showing that Liebman was Mrs. Frank's agent.

*W. J. Albert* and *T. C. Battle*, for plaintiff.
*Lewis & Green*, for defendants.