RUSSELL *v.* BRUNSWICK GROCERY COMPANY.

1. A husband and wife had the same initials. The husband, L. M. R., was sued and summons of garnishment served on an insurance company. The garnishee answered, admitting liability on a policy of insurance, but setting up that the policy was issued to L. M. R., the wife, and that it had paid the money due thereon to L. M. R., the wife, upon her giving a bond to dissolve the garnishment, and that it was not and never had been indebted to L. M. R., the husband. The plaintiff in the suit traversed the answer of the insurance company, averring that the answer was untrue in that the policy was not issued to L. M. R., the wife, but was issued to L. M. R., the husband, and that the liability of the insurance company was a liability to the husband, and not to the wife, and the allegation in the answer that the insurance company was indebted to the wife instead of the husband was and is untrue. *Held:* (1) That the traverse submitted an issue of fact, and the court did not err in refusing to strike the same because the traverse formed

no issue.    (2) That the terms of the bond given by the wife to dissolve the garnishment conformed to the Civil Code, § 4720, providing for dissolution of garnishments by claimants, and the court properly treated the wife as a claimant and not as a defendant.

2. There was no substantial error in the charges complained of; any verbal inaccuracies were fully cured by the charge as a whole, which fairly submitted the issues to the jury.

3. It is not cause for a new trial that a verdict rendered in a former trial and indorsed on the pleadings was taken to the jury-room, especially so when there was no request to detach, erase, or in some other way conceal the former verdict.

4. The evidence was sufficient to authorize the verdict.

Argued April 6,—Decided May 12, 1904.

Garnishment.    Before Judge Sparks.    City court of Brunswick. July 14, 1903.

The Brunswick Grocery Company sued L. M. Russell, and in aid of the suit filed its affidavit and bond for process of garnishment.    Summons of garnishment issued and was served on the St. Paul Fire and Marine Insurance Company.    The insurance company answered that it did not owe the defendant anything, except that the defendant, L. M. Russell, held a policy of insurance for $500 at the date of the service of the garnishment, and that subsequently the garnishee paid this sum to the defendant upon the filing of a bond to dissolve the garnishment.    This answer was afterwards amended by the garnishee as follows:    The "use of the word 'defendant' in connection with L. M. Russell, the owner of the policy of insurance mentioned in the said answer, and the use of the third personal pronoun in the masculine gender (as 'him') in describing the person to whom said company paid the loss accruing under said policy, was inadvertently overlooked by this deponent in signing the said answer; it, the said answer, having been prepared by . . the plaintiff's attorney, and this deponent supposing the same to have been drawn in accord with the actual facts of the case, which are as follows: the garnishee did not treat or settle with L. M. Russell, the male, as the creditor of this company or the owner of said policy of insurance, and did not pay him anything at all; and at no time since the service of the said summons of garnishment has it owed or paid him anything, or has it in its possession any money, property, or effects belonging to him; but on the contrary this garnishee treated and settled with L. M. Russell, the female, that is, Mrs. L.

M. Russell, as the creditor of this garnishee and the owner of the said policy, and it was to her that this garnishee paid the said sum of money due under the said policy, the five hundred dollars mentioned in the said answer." Whereupon the plaintiff in the case below filed its traverse to the amended answer, averring that "said answer is untrue in that the policy of insurance referred to in said answer was not issued to L. M. Russell, the female, but was issued to L. M. Russell, the male, and husband of L. M. Russell, the female; the liability of said insurance company was a liability to the husband, and not a liability to the wife, and said answer wherein said answer avers that it was indebted to the wife instead of the husband was and is untrue." Mrs. Russell filed a motion to dismiss the garnishment proceedings, alleging that she was originally a defendant, and, while she was a party defendant, executed her bond, as defendant, to dissolve the garnishment, and that afterwards the plaintiff dismissed its case as to her, which action of the plaintiff discharged her and her security from liability on the bond. The bond given by Mrs. Russell recited that the Brunswick Grocery Co. had instituted its action in the city court of Brunswick against L. M. Russell and had sued out summons of garnishment directed to the St. Paul Fire and Marine Insurance Co., and was conditioned as follows: "Now if the said Mrs. L. M. Russell shall pay to the said Brunswick Grocery Company the sum that may be found due to said defendant, upon the trial of any issue that may be formed upon the answer of said garnishee, or that may be admitted to be due in said answer, if untraversed, then this bond to be void." Upon the hearing of this motion, the court held that Mrs. Russell executed her bond as claimant of the fund, and not as a defendant in the suit instituted by plaintiff; and refused to dismiss the garnishment proceedings. Exception pendente lite was taken to this ruling. Mrs. L. M. Russell moved to strike the traverse to the answer, because the traverse did not form any issue of fact and did not allege that there were any assets of the defendant in the hands of the garnishee at the time of the service of the summons of garnishment. The court overruled the motion to strike, and exception pendente lite to the overruling of the motion to strike the traverse was signed by the court.

On the trial the plaintiff introduced a policy of fire-insurance

which purported to have been issued on March 20, 1897, in the name of " L. M. Russell," as the insured, on a stock of groceries and store fixtures.   The agent who issued this policy testified that " Mr. Russell ran a grocery store," located in the building described in the policy, and that " the policy was issued to L. M. Russell."   The agent further testified, in this connection, as follows :   " Subsequent to the issuance of the policy, Mr. Russell wanted an endorsement of removal placed on the policy, and wanted it transferred to his wife.   I think that was January 15th, 1898."   He came to my office and said " he wanted it transferred from the corner of Monk and Oglethorpe to the corner of B and H streets, and that he wanted it put in his wife's name, as he owed her some money.   I put the removal endorsement on the policy and was ready to put the other endorsement on it, and asked Mr. Russell what his wife's name was.   He said, ' L. M. Russell.'   I said, ' Mr. Russell, it is now in the name of L. M. Russell, and I don't think it is necessary to make any endorsement on it.' . . It is not my recollection that when he came there to get the removal endorsement, he stated the policy should read ' Mrs. L. M. Russell ; ' he stated he wanted the policy to secure his wife ; that he owed his wife money and he wanted the endorsement made in her name ; and I was prepared to make the endorsement, when he told me his wife's name was L. M. Russell and I told him that I didn't think it was necessary to make the endorsement. . . I certainly granted Mrs. Russell the right to remove the goods, and I would not have hesitated a moment to make the endorsement to her if she had had any other initials; but it was my understanding that the policy was in her name from that date."   The witness testified further along the same line, adhering to his statement that he issued the policy to Mr. Russell in the first instance, and that the latter recognized such to be the fact when he subsequently asked that it be transferred to his wife as security for a debt he owed her.   Witness also stated he did not remember who paid the premium on the policy, but thought that Mr. Russell did, and that the policy was delivered to him, he not disclosing that he was " acting for his wife." The president of the plaintiff company testified : Mr. Russell never disclosed, when buying goods from the company, that his wife had any interest in the stock of groceries.   After the fire oc-

curred, on Friday or Saturday, the witness asked Mr. Russell "how the matter of the insurance stood, and he said it was about to be settled." Witness asked that the proceeds of the policy be turned over to him, and Russell replied he would see witness about it the next day. Russell subsequently said, "if he did not get the matter adjusted, that he would get the money from somewhere out west and pay" witness, and did not inform him that Mrs. Russell was the holder of the policy. Evidence was introduced in behalf of Mrs. Russell, which tended to support her claim that the policy of insurance was originally issued to her, she furnishing the money to pay the premium, and that she was the owner of the policy at the time the fire occurred. The jury, however, returned a verdict in favor of the plaintiff. Mrs. Russell filed a motion for a new trial, which was overruled, and she thereupon caused a writ of error to be sued out to this court.

*Owens Johnson, W. G. Brantley,* and *A. D. Gale,* for plaintiff in error. *Krauss & Shepard,* contra.

EVANS, J. 1. A very sharp issue of fact was made by the traverse to the garnishee's answer. It was admitted that the insurance company, being indebted to L. M. Russell on a policy of insurance, had paid over to Mrs. L. M. Russell, on her giving a bond to dissolve the garnishment, the amount due thereon. The husband's name was L. M. Russell; the wife's name was L. M. Russell. The answer of the garnishee alleged that the policy was issued to the wife and the money was due to her. The traverse denied the policy was issued to the wife, but averred that it was issued to the husband and the money was due to him. The traverse was drawn to meet the answer and presented the issue which the judge submitted to the jury. The condition of the bond given by Mrs. Russell to dissolve the garnishment is in the exact language of the Civil Code, § 4720, providing for the condition of bonds given by claimants to dissolve garnishments. The court properly held that she had dissolved the garnishment as claimant of the fund, and not as defendant in the original suit.

2. The court fairly submitted the real and only issue in the case to the jury. That issue was whether the policy of insurance had been issued to the husband and was his property, or had been issued to the wife and was her property. Throughout the entire

charge this issue was made clearly to appear.　While the charge of the court may contain an irrelevant and immaterial rule of evidence, and a few verbal inaccuracies, such as using the word "testimony" where the word "evidence" would be more technically accurate, yet, taken as a whole, the issue was fairly submitted to the jury, and these verbal inaccuracies, construed in the light of the whole charge, were not calculated to mislead or confuse them.

3. The verdict of the jury in the first trial was indorsed upon the traverse and was not concealed or erased when the papers were given to the jury.　The judge certifies that no request was made to detach or conceal the former verdict.　If a request had been made, the judge would have probably complied with it.　The omission to conceal from the jury the verdict previously returned in the case seems to have been a clear inadvertence.　Each juror made affidavit that he was not influenced by the former verdict, but that his verdict was based solely on the evidence given on the trial now under review.　The inadvertent sending to the jury-room pleadings containing a verdict formerly rendered in the same case by a prior jury will not be sufficient ground for vacating a verdict, unless some harmful result is shown.　*Southern Ry. Co. v. Coursey*, 115 *Ga.* 602 (1); *Shuman* v. *Smith*, 100 *Ga.* 415; *Ga. Pacific Ry. Co.* v. *Dooley*, 86 *Ga.* 300.

4. The evidence was conflicting.　The plaintiff company sold its goods to the husband, and very probably some of these very goods were covered by the policy of insurance; the storehouse was rented to the husband; and the testimony of the insurance agent who issued the policy very strongly suggests conviction that he was dealing with the husband when he wrote the policy of insurance.　This is the second verdict for the plaintiff; the trial judge approved it; and no material error of law having been committed, this court will not disturb the judgment of the trial court.

*Judgment affirmed.　All the Justices concur.*