### 10985.   MOOTY, administrator, *v.* BUTLER.

JENKINS, P. J.   1. Under the provisions of the act approved August 21, 1911 (Park's Code, § 6090 (a)), no question as to the filing of the brief of evidence can be entertained by the reviewing court, where the judge has finally passed on the merits of the motion for a new trial, unless the question was first raised and insisted on before the trial judge. *Charleston & Western Carolina Ry. Co.* v. *McElmurray*, 12 *Ga. App.* 441 (78 S. E. 258); *Collins* v. *State*, 12 *Ga. App.* 655 (77 S. E. 1079); *Chicago & Northwestern Railway* v. *Elliott*, 16 *Ga. App.* 388 (85 S. E. 615). A bona fide effort to brief the evidence being manifest in this case, this court will not hold that it so fails to comply with the requirements of law as to prevent its being treated as a brief of the evidence.

2. This was a suit for damages growing out of an alleged malicious prosecution. The verdict in the criminal case found the defendant (the plaintiff in this suit) not guilty, and also found that the prosecution was malicious. The judge trying the damage suit instructed the jury that " as a matter of law that verdict is conclusive as to the question of malice, but is not conclusive as to the question of probable cause." The jury found for the plaintiff damages in a named sum. The trial judge granted a new trial, and the plaintiff excepted. *Held*:

(a) This court declines to hold as a matter of law that the evidence demanded a finding that the criminal prosecution was without probable cause. Such would be the effect of holding that the grant of the new trial was an abuse of discretion.

(b) The verdict was properly set aside for the reason that the excerpt quoted from the charge is deemed erroneous. Although the defendant in the damage suit was the prosecutor in the criminal proceeding, and while under the Penal Code the prosecutor can be compelled to pay the cost when a jury finds the prosecution to be malicious, still it cannot be said that the real parties in the criminal case and in the damage suit were identical, or that the issues were the same either in scope or as to attendant results. The defendant in the criminal case, not being sworn, was not subject to the penalties relating to witnesses, and was not subject to the right of cross-examination, nor was the conduct of the criminal case under the direction and control of the prosecutor. See *Metropolitan Life Ins. Co.* v. *Hand,* 25 *Ga. App.* 90 (102 S. E. 647), and cit.

Judgment affirmed. *Stephens and Smith, JJ., concur.*
DECIDED APRIL 8, 1920.

Action for malicious prosecution; from city court of LaGrange — L. L. Meadors, judge pro hac vice. September 24, 1919.

*M. U. Mooty,* for plaintiff.

*Duke Davis, E. T. Moon,* for defendant.