DECIDED FEBRUARY 23, 1932.

21636.   RUSSELL *v.* BAYNE.

DECIDED FEBRUARY 23, 1932.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

PER CURIAM.  ■  It is a rule of law that every normal adult person shall exercise ordinary care for his safety under any and all circumstances, and the only issue that will ever arise under this rule is whether in a given situation the acts or omissions of the person will amount to a *failure* to exercise such care. If there is no evidence as to such failure, the court should not submit the question, but if there is any evidence that the person has not exercised due care, under the circumstances, and the pleadings also authorize it, the question should be given to the jury. *Collum* v. *Georgia Ry. & Electric Co.,* 140 *Ga.* 573 (3) (79 S. E. 475) ; *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818) ; *Southern Ry. Co.* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180) ; *Southern Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (85 S. E. 707).

The exercise of ordinary care on the part of a guest in the au-

tomobile of another does not require supervision of the driver unless such guest has actual notice, or the circumstances are such as would put any reasonably prudent person on notice, of impending danger. What particular circumstances will call into action the functions of a "back-seat driver" (whether from the back or the front seat), in the exercise of ordinary care for his own protection, can not be stated by any arbitrary rule. He may be engaged in conversation, or in reading, or may be asleep, and still be in the exercise of ordinary care, provided there has been nothing which did, or which should have, put the guest, as an ordinarily prudent person, upon notice that vigilance on his part was necessary for his safety.

A person riding as a guest may, until he has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others; but while the negligence of the host is not imputable to the guest, the guest can not close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is a danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever in the opinion of a jury a person of ordinary prudence would or should do in the same or like circumstances. *Powell v. Berry,* 145 *Ga.* 696 (2), 700 (89 S. E. 753, L. R. A. 1917A, 306); *Sarman v. Seaboard Air-Line Ry. Co.,* 33 *Ga. App.* 315, 318 (125 S. E. 891); *Central of Georgia Ry. Co. v. Reid,* 23 *Ga. App.* 694 (99 S. E. 235); Sharp *v.* Sproat, 111 Kan. 735 (208 Pac. 613, 26 A. L. R. 1421); Carter *v.* Phillinger, 142 Md. 365 (120 Atl. 878); Lavine *v.* Abramson, 142 Md. 222 (120 Atl. 523); Curran *v.* Anthony Inc., 77 Cal. App. 462 (247 Pac. 236); Kokesh *v.* Price, 136 Minn. 304 (161 N. W. 715, 23 A. L. R. 643); Irwin *v.* McDougal, 217 Mo. App. 645 (274 S. W. 923); Dedman *v.* Dedman, 155 Tenn. 241 (291 S. W. 449); 42 C. J. 1170.

In the present case the court not only failed to charge the principle applicable to the duty of a person to exercise ordinary care for his safety, but expressly instructed the jury that it would not be applicable if the plaintiff was riding as a guest in the car in which she was injured. The plaintiff herself testified: "Our car ran up behind a wagon to a point about fifteen feet behind it. We stopped

and then pulled around the wagon. . . And then we pulled around to the left hand side of the road. Just about the time we got even with the mules the crash came. When we pulled up behind the wagon and stopped that was the first time I had seen Mr. Russell's car [this being the approaching car which collided with the one in which the plaintiff was riding]. . . Mr. Parker [with whom the plaintiff was riding] did not say anything about going around the wagon when he stopped. *We both concluded that we would have plenty of time to go around.* We miscalculated the speed at which Mr. Russell was coming. . . We thought we would have time to get around before he got there. If I had not thought that I would have told Mr. Parker not to attempt it." (Italics ours.) It thus, from the plaintiff's own testimony, appears that she not only was aware of the condition of the road and of the presence of the other vehicles thereon, but was actually participating or assuming to participate in the direction and control of the vehicle in which she was riding. Under these facts, if the pleading was also sufficient, it was a question for the jury as to whether the plaintiff should have warned the driver, or what, if anything, she should have done in the exercise of ordinary care under the circumstances.

It is true that the answer alleged that the sole cause of the collision was the negligence of the driver with whom the plaintiff was riding; but there was a general denial of the allegation in paragraph 9 of the petition that the defendant's negligence was the cause of the injury, and there was a similar denial of paragraph 4 of the petition which charged, in effect, that the plaintiff had been injured and damaged by the acts of the defendant. A defendant may file contradictory and inconsistent pleas (*Western & Atlantic Railroad Co.* v. *Pitts,* 79 *Ga.* 532 (3), 4 S. E. 921; *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771, 62 S. E. 533; *Wheeler* v. *Salinger,* 33 *Ga. App.* 300 (6), 125 S. E. 888) ; and under the general denial of the allegation that his own negligence was the proximate cause of the injury, it was permissible for the defendant to show that the injury was caused by anything else. *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner,* supra; *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (4) (64 S. E. 680).

The rule that it is not error to fail, without request, to charge the jury upon the law as to contributory negligence unless such defense

is specially pleaded (*Studstill* v. *Bergsteiner*, 25 *Ga. App.* 405, 103 S. E. 691; *Southern Railway Co.* v. *Weatherby*, 20 *Ga. App.* 399 (2), 93 S. E. 31; *Western & Atlantic R. Co.* v. *Jarrett*, 22 *Ga. App.* 313 (3), 96 S. E. 17; *Fuller* v. *Mills*, 36 *Ga. App.* 357 (3), 136 S. E. 807), is here inapplicable, since this principle is in reference only to a partial defense; whereas the failure of the plaintiff to exercise ordinary care for his safety is a complete defense, relating to proximate cause, and may be asserted by a general denial.

Upon application of the above rulings, the court erred in not granting the defendant's motion for a new trial upon special grounds 3 and 4 of the amendment thereto.

*Judgment reversed. Jenkins, P. J., Stephens, J., and Bell, J., concur.*