24059. LAZAR *v.* BLACK & WHITE CAB COMPANY *et al.*

JENKINS, P. J. 1. The motion to dismiss the writ of error is overruled. It can not be held that there was no bona fide effort to brief the evidence as required by the Civil Code (1910), § 6083 (Code of 1933, § 70-305). *Peek* v. *Irwin,* 164 *Ga.* 450 (139 S. E. 27); *Blackburn* v. *Lee,* 137 *Ga.* 265 (73 S. E. 1); *Mooty* v. *Butler,* 25 *Ga. App.* 121 (102 S. E. 842).

568

2. Among other requirements for the admission in evidence of depositions, it must appear that they were properly transmitted to the court where the legal proceeding in which they were taken was pending. *Findlay* v. *Mineralized Rubber Co.*, 98 *Ga.* 275 (25 S. E. 456) ; *Johnstone* v. *Etowah Milling Co.*, 8 *Ga. App.* 807 (2), 809 (70 S. E. 180). Even though properly sworn to by the witness and properly executed, not only can they not be admitted in evidence, but they can not be treated as having the force and effect of evidence in the case, until thus properly transmitted. In the instant case, the depositions never having been properly transmitted to the court and having been lost, the court properly allowed oral testimony as to what the interrogated persons said before the court commissioner, not for the purpose of establishing their previous testimony given in the case, but merely for the purpose of proving alleged previous contradictory statements, and properly permitted counsel for the defendants to refer to what purported to be a carbon copy of the previous questions and answers, in questioning the witnesses in order to lay a foundation for their impeachment and in testifying himself as to what answers were previously given, counsel at last testifying from his own recollection after having his memory thus refreshed. Code of 1933, §§ 38-1803, 38-1707; *Shrouder* v. *State*, 121 *Ga.* 615 (2) (49 S. E. 702). It was error, however, for the court to make the following statement to the jury: ·"Gentlemen, just before you were sent out, on account of the fact that the depositions have been lost, the original depositions and papers connected therewith, no showing was made that the depositions were legally taken, and I had sustained the objection with reference to testimony given by the witness, for the reason that these original papers were not here to make proof. In your absence, proof has been supplied that these papers have been lost and the requirements of the law met. So that it will be necessary for me to change my ruling, and, instead of sustaining the objection, permit counsel to proceed with the examination of this witness, and you will understand that the objection sustained was improperly sustained at that time. I am going to permit counsel to proceed with his questions about these depositions." The error in this statement lay in permitting the jury to treat the answers before the commissioner by the plaintiff and her witnesses as having the weight and effect of previous sworn testimony given in the same case, with all the added force that such testimony would have as distinguished from mere contradictory statements.

3. Although it is the rule in this State that the negligence of the driver of an automobile is not imputable to a person riding therein merely as a guest or invitee, and that until the guest has notice to the contrary he may assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others, yet the guest can not close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others; and if there is danger from either cause, and the circumstances are such that the danger would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever a person of ordinary prudence would or should do in the same or like circumstances. Whether the

guest exercised this measure of care required in the actual circumstances of the occasion and situation, in warning or protesting to the driver of the car or acting otherwise, would be a jury question, except in plain and palpable cases. *Eddleman* v. *Askew*, 50 *Ga. App.* 540; *Russell* v. *Bayne*, 45 *Ga. App.* 55, 56 (163 S. E. 290); *Howard* v. *Georgia Railway & Power Co.*, 35 *Ga. App.* 273 (133 S. E. 57). The judge charged the jury as follows: "The question as to whether or not the negligence of the plaintiff's husband should be imputed to the plaintiff is a question solely for you to determine, under the instructions that I have heretofore given you." This instruction was in contravention of the rule of law that the negligence of the husband as driver would not be imputable to the plaintiff as a guest passenger, and there was no such question of imputation for the determination of the jury, even though the legal rule of non-imputable negligence did not relieve the plaintiff of her own duty of exercising ordinary care. The judge, however, did not err in refusing a request to charge that the negligence of the driver could not be imputed to the plaintiff, in the form in which the request was presented, since it contained the erroneous and inaccurate additional statement that "the evidence shows that she [the plaintiff] did not have any control or direction over the operation of the car in which she was riding." Such an instruction would have had the effect of taking from the jury their right to consider the question as to her contributory negligence. Under the entire evidence, this issue, with other issues as to negligence and proximate cause, was for the jury.

4. The defendants in an amendment to their answer alleged as contributory negligence by the plaintiff that, after realizing the danger caused by the conduct and manner of driving of her husband, she permitted him to continue therein, "without demanding of him that he stop and desist from doing so, *or* getting from said automobile." In charging on the question of contributory negligence, the judge both read the averment in the pleading as to her "getting from said automobile," and submitted to the jury the question as to whether she was negligent in failing to leave the car. Under the testimony for the defendants that the automobile was traveling at a speed of forty or fifty miles an hour, and the testimony for the plaintiff that the speed was twenty to twenty-five miles an hour, it could hardly be said that mere failure by the plaintiff to leave the car, taking with her or leaving behind her baby which she was holding, while the machine was in such rapid motion, could in any event be accounted contributory negligence. It would, however, have been proper for the jury to consider, under the averments as to contributory negligence and all the evidence, whether her failure to warn or protest to the driver, or to request him to stop so that she might leave the car if he persisted in his alleged conduct and manner of driving, would amount to contributory negligence. While the judgment is not reversed on these grounds, as the case will have to be tried again, attention is called to these instructions, which it would have been better to clarify as indicated.

5. The verdict for the defendant was authorized, but not demanded, by the evidence. The charge of the court was full, fair, and clear in setting forth the issues involved; and no error appears, save in respect to the

statement and instructions to the jury dealt with in the preceding paragraphs. *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 15, 1935.

*G. Seals Aiken, E. E. Carter,* for plaintiff.

*Samuel D. Hewlett, Douglas, Douglas & Andrews, Jack Deegan,* for defendants.