34175. IVEY *v.* THE STATE.

GARDNER, P. J. 1. The defendant was convicted in the Superior Court of Glascock County for illegally possessing whisky not bearing revenue stamps as required under the law of the State. He filed an amended motion for a new trial, which was denied, and he assigns error on that judgment here.

2. The evidence shows substantially that the Marshal of the Town of Gibson and the Sheriff of Glascock County visited the home of the defendant. As they approached the home of the defendant and went into it, they saw the defendant burst a jar of whisky on the hearth in his house. This jar contained whisky. The officers were unable to find any revenue stamps on the top of the jar or the broken glass. They went a short distance from the defendant's house to the defendant's hog pen where they found three pints of whisky. The sheriff testified that this whisky did not have any stamps on the containers, hence no revenue stamps.

3. The defendant contends that the evidence is wholly insufficient to support the verdict on the general grounds. The defendant introduced no evidence and made no statement. The evidence amply authorized the verdict under the general grounds.

4. Special ground 1 complained because a former verdict of guilty against the defendant (*Ivey* v. *State*, 84 *Ga. App.* 72, 65 S. E. 2d, 282), was

allowed to go out with the jury, written on the accusation, without being concealed or erased. After the charge of the court, counsel for the defendant stated in open court that the former verdict was written on the accusation, and the court should give the jury some instructions concerning it. The court immediately instructed the jury that the former verdict should not be considered by them in the consideration of the instant case. Counsel for the defendant did not ask that the former verdict be detached, erased, or in some way concealed. This ground has no merit. See *Ellard* v. *State*, 46 *Ga. App.* 345 (167 S. E. 724); *Allen* v. *State*, 155 *Ga.* 332 (116 S. E. 534); *Russell* v. *Brunswick Grocery Co.*, 120 *Ga.* 38 (47 S. E. 528); *Georgia Pacific Ry. Co.* v. *Dooley*, 86 *Ga.* 294 (12 S. E. 923, 12 L.R.A. 342); *Dawson* v. *Briscoe*, 97 *Ga.* 408 (24 S. E. 157); *Fulton County* v. *Phillips*, 91 *Ga.* 65 (16 S. E. 260).

5. Special ground 2 assigns error on an excerpt from the charge of the court as follows: "The defendant, Post Ivey, is being tried under an accusation charging him with having unstamped whisky in his possession. How, when, where, and in what manner the alleged defense [offense] is alleged to have been committed is stated further and described in the accusation, which you will have out with you, and which has already been read to you by the solicitor, and which the court will not take the time to reread." It is contended that the court should have charged what kind of stamps. The indictment was out with the jury and the court specifically called attention to the fact that the jury must consider the case in view of the allegations of the accusation, which was out with them. The contention is that since the evidence showed that the officers testified that there were no stamps on the whisky, it does not distinguish revenue stamps from postage stamps, etc.

6. Special ground 3 assigns error because the court did not elaborate or charge fully the law with reference to circumstantial evidence. On this subject the court charged: "Indirect or circumstantial evidence is that which tends to establish the issue by proof of various facts and circumstances substantiating by their consistency the hypothesis of guilt. Before you would be authorized to convict on circumstantial evidence alone, the proof of facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." In the absence of a written request to charge, there is no merit in the contention in this special ground.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 19, 1952—REHEARING DENIED OCTOBER 9, 1952.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.