19975. MARTIN *v.* ALFORD, Executrix, *et al.*

ARGUED JANUARY 15, 1958—DECIDED MARCH 7, 1958.

*Brannon & Brannon, E. C. Brannon, Tifton S. Greer, Joseph G. Collins,* for plaintiff in error.

*Telford, Wayne & Smith,* contra.

HEAD, Justice. 1. "Any representation, act, or artifice intended to deceive, and which does deceive another, is such a fraud as may authorize cancellation of a written contract; but a party to a contract who can read must read or show a legal excuse for not doing so; and ordinarily, if fraud is the excuse, it must be such fraud as prevents the party from reading. Nor in such case will a mere fraudulent statement by the opposite party or his agent as to the contents of the writing furnish a legal excuse; . . ." *Livingston v. Barnett,* 193 *Ga.* 640 (4) (19 S. E. 2d 385); *Lewis v. Foy,* 189 *Ga.* 596 (6 S. E. 2d 788); *Jackson v. Shahan,* 205 *Ga.* 411 (54 S. E. 2d 138); *West v. Carolina Housing &c. Corp.,* 211 *Ga.* 789 (89 S. E. 2d 188).

In the present case it appears that the petitioner had completed the ninth grade in school, that she could read, and there is nothing in the evidence to show that she was prevented from reading the deed executed by her.

2. Error is assigned in the bill of exceptions because the trial court, on objection, refused to let the petitioner, testifying in her own behalf, answer the question, "If you signed it [Exhibit B], did you knowingly sign it?" The expected answer was: "If I signed it, I did not knowingly sign it." The court also excluded

8 .

the petitioner's answer to the question: "If you signed your name to it, did you intend to sign it?" The expected answer was, "If I signed it, I did not intend to."

Where any suit shall be instituted or defended by the assignee, transferee, or personal representative of a deceased person, the opposite party shall not be allowed to testify in his own favor as to transactions or communications with such deceased person. Code § 38-1603 (1). In the present case, the petitioner, being a grantee in a deed from a deceased person, is an "assignee or transferee" within the prohibition of § 38-1603 (1). *Hendrick* v. *Daniel,* 119 *Ga.* 358 (46 S. E. 438); *Turner* v. *Woodward,* 136 *Ga.* 275 (71 S. E. 418); *Culberson* v. *Everett,* 152 *Ga.* 497 (110 S. E. 275); *Sikes* v. *Seckinger,* 173 *Ga.* 673, 677 (160 S. E. 911); *Brooks* v. *Brooks,* 185 *Ga.* 549, 553 (195 S. E. 869). The suit being defended by the personal representative of the deceased defendant, the petitioner could not testify as to her intent in transactions with the deceased. *Donald* v. *Groves,* 160 *Ga.* 163 (126 S. E. 583); *Smith* v. *Smith,* 187 *Ga.* 743, 747 (2 S. E. 2d 417); *Shadburn* v. *Tapp,* 209 *Ga.* 887 (77 S. E. 2d 7).

3. Error is also assigned because the court, on objection, excluded the petitioner's testimony in response to the following question, "What did Mr. Johnson say to you with reference to changing this insurance?" Counsel stated to the court that "We expect this witness to testify that Mr. Johnson said, 'We want to change the insurance, and it is necessary for you to sign in order to change it.'"

Hearsay evidence has no probative value, although admitted without objection. *Dowling* v. *Doyle,* 149 *Ga.* 727, 731 (102 S. E. 27); *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862). It was not error to refuse to allow the witness to testify as to statements of a person who was not a party in the cause.

*Judgment affirmed. All the Justices concur.*