40013. McKINNEY v. BROWN.

Decided April 3, 1963—Rehearing denied May 9, 1963.

*V. J. Adams, William K. Buffington,* for plaintiff in error.

*Martin, Snow, Grant & Napier, John C. Scarborough, Jr.,* contra.

FELTON, Chief Judge. ■ The trial court did not err in overruling the motion for a new trial on the general grounds. The testimony elicited at the trial would have authorized the jury to find that the collision occurred at the intersection of a dirt road with a through State highway; that the plaintiff's vehicle entered the highway from the side road, which had a stop sign requiring it to wait before proceeding until the way was clear; that the plaintiff and her husband had an unobstructed view of the highway in the direction of the defendant's approach for a distance of 500 feet; that the defendant was only 50 to 75 feet from the intersection when the plaintiff's automobile entered it; that the plaintiff's husband asked her, as was his custom, to help him look to see if the way was clear and that she looked and told him it was; that when the defendant saw the plaintiff's automobile he honked his horn, applied his brakes and attempted to swerve to his left to avoid it. Although the evidence was conflicting, there was sufficient evidence which, if believed, would authorize the verdict. In these circumstances, this court cannot reverse the trial court's judgment on the general grounds. *Carroll v. Johnson,* 105 Ga. App. 541, 542 (2) (125 SE2d 91) and citations.

■ The special ground complains of the following portion of the court's charge: "I charge you further, gentlemen, that the plaintiff, Mrs. McKinney, was under a duty to exercise ordinary care for her safety, even though she was not the driver of the automobile, and in this connection I charge you that if the approach of the Brown automobile was visible to Mrs. McKinney, I charge you that you should consider whether or not she exercised ordinary care for her own safety in not warning her husband of the approach of the Brown automobile. However, should you find by a preponderance of evidence that the defendant was negligent in one or more of the particular grounds of negligence, as alleged, and such negligence, if any, was the

proximate cause or a contributing cause entering into the proximate cause of the injury sustained by the plaintiff, whatever you find they were, you would find your verdict for the plaintiff, provided she is not precluded from a recovery under other rules of law given you in this charge." The plaintiff contends that this instruction was misleading to the jury in that it implied that the defendant's vehicle might have been visible to the plaintiff, that she might have participated in the control of the vehicle and that her failure to warn her husband of the approaching automobile might have amounted to a failure to exercise ordinary care under the circumstances. "In a suit for damages for personal injuries alleged to have been caused to the plaintiff by the negligence of the defendant, where the pleadings and the evidence made an issue as to whether the plaintiff's negligence was the proximate cause of the injury, or whether the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, it is error for the court to omit to instruct the jury upon the law applicable to such defenses." *Russell v. Bayne,* 45 Ga. App. 55 (1) (163 SE 290). "No duty devolves upon the guest passenger, who has no right or duty to control the operation of the automobile, unless the circumstances are such that he is afforded a reasonable opportunity to take appropriate action to avoid being injured." *Smith v. Harrison,* 92 Ga. App. 576 (4) (89 SE2d 273); *Browning v. Kahle,* 106 Ga. App. 353, 355 (126 SE2d 892). In the case at bar, as in the *Russell* case, supra, there was evidence which would authorize the jury to find that the plaintiff was participating in the direction of the vehicle, the participation in the present case being at the request of the driver. The plaintiff testified that "He always, when he would stop he would say, 'mama, look,' so we stopped. He said 'mama, is it clear?' I says, 'It is.' He looked his way, I looked mine again, I double checked, I looked the other way too. . ." Although the plaintiff testified that she could not and did not see the approaching vehicle, there was also testimony to the effect that she had an unobstructed view for 500 feet in the direction of the vehicle's approach. Under these facts it was a question for the jury whether the plaintiff could and should have seen the

approaching vehicle and whether she should have warned the driver, or what, if anything, she should have done in the exercise of ordinary care under the circumstances. See *Russell v. Bayne,* 45 Ga. App. 55, 57, supra. It was therefore not error for the court to charge the jury as to the effect of the plaintiff's exercise, or lack of it, of ordinary care under the circumstances. The charge complained of was not error for any reason assigned. Accordingly the court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*