### 45490.   DAVIS v. CAMP CONCRETE PRODUCTS COMPANY et al.

JORDAN, Presiding Judge. This is a personal injury action arising out of a vehicular collision. In pre-trial proceedings the parties stipulated ordinary negligence of the defendants as the proximate cause of the collision, and limited the trial to issues relating to compensatory and punitive damages. The plaintiff appeals from a judgment in his favor for compensatory damages of $2,250. *Held:*

1. The first enumeration assigns error on the verdict and judg-

ment as inadequate. The actual basis used by the jury to reach a lumpsum verdict cannot be determined with certainty from the record and transcript, but it can be explained as perhaps based on the proof of $1,849.50 in lost earnings for 4½ months, proof of $390.50 for actual medical expenses, and $10 for other compensatory damages.

Whether the plaintiff was in fact partially disabled permanently as a result of the collision or whether the disability arose for other reasons, or whether the difference between earnings before and after the collision represented lost earnings attributable to injuries or disability caused by the collision, whether corrective surgical procedures were indicated or would improve his condition as caused by the collision, the extent to which the plaintiff was entitled to compensation for pain and suffering, and whether he was entitled to any exemplary damages, are illustrative of the numerous issues for the jury under the evidence which authorized, but did not demand, a verdict in a larger amount.

But the mere fact that the evidence would authorize a larger verdict, nothing more appearing, is insufficient to authorize a reversal of the judgment based thereon. "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." *Code* § 105-2015. For application, see *Price v. Whitley Constr. Co.,* 91 Ga. App. 257 (85 SE2d 528); *McBowman v. Merry,* 104 Ga. App. 454 (122 SE2d 136); *Kirkman v. Miller,* 116 Ga. App. 78 (156 SE2d 558); *Leonard v. Kirkpatrick,* 118 Ga. App. 277 (163 SE2d 340).

As the verdict is authorized by the evidence, including no award for exemplary damages, and nothing appears to warrant an inference whereby this court could declare it as being one indicative of gross mistake or undue bias, and therefore inadequate as a matter of law, it will not be disturbed unless prejudicial error otherwise appears.

2. The remaining enumeration, asserting error on the failure of the court to prevent and correct alleged prejudicial argument and statements of opposing counsel, which are not of a nature

requiring action ex mero motu and as to which counsel for the plaintiff sought no ruling by the trial judge, is without merit. See Ga. L. 1966, pp. 609, 655 (CPA § 46; *Code Ann.* § 81A-146).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 10, 1970—DECIDED SEPTEMBER 17, 1970—
REHEARING DENIED OCTOBER 2, 1970—

*L. B. Kent,* for appellant.

*Kelly, Champion & Henson, S. E. Kelly, Edward W. Szczepanski,* for appellees.