## 47449.   BROOKS v. WILLIAMS.

S<small>UBMITTED</small> S<small>EPTEMBER</small> 14, 1972—D<small>ECIDED</small> O<small>CTOBER</small> 16, 1972.

*Harris, Chance & McCracken, O. Torbitt Ivey, Jr.,* for appellant.

*Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellee.

DEEN, Judge. ■ While it is elementary that after a notice of appeal has been filed to a judgment of the trial court the judge no longer has jurisdiction to reconsider and change it, this has no bearing on extraordinary motions filed under *Code* § 70-204. The court had jurisdiction to consider intrinsic evidence pertaining to the manner in which the trial was conducted which had come to light between the filing of the notice of appeal and the docketing of the case in this court, and the point is properly made through the medium of an enumeration of error on the denial of the extraordinary motion. Since no separate appeal need be taken in such a circumstance, and since the law of the case rule has been abolished (*Code Ann.* § 81A-160 (h)), the appellee's position that the ruling on this second motion is "the law of the case" is without foundation. This court need not, however, attempt to decide whether allowing the jury to view the first verdict, which was set aside for inadequacy under evidence not presented to it or to us for comparison, was presumptively prejudicial, but will look to the evidence in the record before us to see whether it supports the verdict rendered, noting at the same time that if it has no basis of its own on which to rest, an inference of prejudice might well arise.

■ Damages are compensation for the injury sustained, and the burden of showing them is on the complainant; where it is duplicative, ambiguous and confusing, mere skimpiness unattended by facts realistically demanding a higher figure will not cause reversal. *Taylor v. Roberson,* 127 Ga. App. 23; *Davis v. Camp Concrete Co.,* 122 Ga. App. 551 (177 SE2d 798); *Code* § 105-2015. On the other hand, the rule is without exception that on the general grounds of a motion for new trial, where the verdict is in an amount not supported by the evidence, and where there is no legal justification for reducing it as against a plaintiff who cannot have been guilty of comparative negligence or in some other manner contributed to her own misfortune, a new trial must be granted. *Tallent v. McKelvey,* 105 Ga. App. 660 (125 SE2d 65); *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 466). The jury found the defendant answerable in damages, a conclusion amply supported by the facts in the record. As to the amount, uncontested hospital and medical bills and ambulance service came to $1,320.42. Additionally, the evidence showed the following: The plaintiff had been working regularly and had just accepted a new job as waitress at a salary of $50 per week. She was in the hospital 27 days and an 8-week period followed during which she was required to use a walker to get around. Therefore, a very minimum of lost wages must be figured at $600. She additionally lost three teeth, and even if the testimony that it would cost $500 to replace them is hearsay, it is unlikely that this could be done for the $79.58 remaining to make up the $2,000. In addition, during the time she was incapacitated (as well as a sister and brother-in-law with whom she lived) other relatives had to care for the infant; the wife of another brother quit her job to perform this service and it was the plaintiff's testimony that she was charged $5 per day for 136 days or $580. The jury might have reduced this figure, but not eliminated it all. In addition the evidence showed that the plaintiff suffered a broken back, broken pelvis, cracked cheek bone and widespread lacerations; that she had much actual pain and suffering and under

expert opinion testimony sustained a 10% permanent back impairment. Under these circumstances, the verdict was as a matter of law inadequate compensation for the damage inflicted.

The trial court erred in overruling the motion for new trial on the general grounds.

*Judgment reversed. Clark, J., concurs. Eberhardt, P. J., concurs specially.*

EBERHARDT, Presiding Judge, concurring specially. ∎ While mention is made in the majority opinion of the verdict on a former trial going out with the jury, and we have held a number of times that it is the better practice to cover or remove former verdicts, yet these rulings are based upon a request made to the court by a party desiring its deletion. *Russell v. Brunswick Gro. Co.,* 120 Ga. 38 (3) (47 SE 528); *Ellard v. State,* 46 Ga. App. 345 (167 SE 724). A mere inadvertent sending out of the former verdict to the jury along with the pleadings, etc., will not be ground for reversal unless it appears that the jury read the verdict and were influenced thereby (*Fulton County v. Phillips,* 91 Ga. 65 (1) (16 SE 260)), nor will it be ground for reversal if the court had instructed the jury to disregard the former verdict. *Dawson v. Briscoe,* 97 Ga. 408 (2) (24 SE 157). Nothing in this record indicates a request on the court, timely made, for a covering or removal of the former verdict.

∎ There was no competent evidence as to the cost of repairing plaintiff's broken teeth. Her testimony that an unidentified doctor had said that it would probably cost around $500 was both indefinite and hearsay, and without probative value. *Martin v. Alford,* 214 Ga. 4, 8 (102 SE2d 598).

Likewise, there was no evidence of any arrangement made by the plaintiff and her sister and brother-in-law concerning pay for the care of her child while she was in the hospital. There is no presumption of an implied promise to pay for such services. *Mathews v. McCorkle,* 111 Ga. App. 310 (2) (141 SE2d 597). There must have been an intention on the part of all of them that payment would be made,

and it does not appear. As to herself, plaintiff testified that she had no arrangement with her sister and brother-in-law to pay for the child care and that he had "just told me that I owed him $5.00 a day for keeping the baby." That is at most a unilateral intention on his part.

There was enough proof to make a jury question on the matter of loss of earnings, but the proof is weak. She testified that she had resigned from her job during the day prior to the accident, but had intended to take another with a drive-in at $50 per week. There was no rebuttal from the management of the drive-in.

■ There is evidence in the record from which the jury might well very well have concluded that the plaintiff had been independently negligent in getting into the car of her brother-in-law when she knew that he had been drinking alcoholic beverages. That negligence, if the jury had so found, would have justified a finding that she had not been in the exercise of ordinary care for her own safety, and would thus have denied her any recovery. *Howard v. Georgia R. &c. Co.,* 35 Ga. App. 273 (1) (133 SE 57); *Lazar v. Black & White Cab Co.,* 50 Ga. App. 567 (3) (179 SE 250); Accord: *Eddleman v. Askew,* 50 Ga. App. 540 (2) (179 SE 247); *Russell v. Bayne,* 45 Ga. App. 55, 56 (163 SE 290); *Crandall v. Sammons,* 62 Ga. App. 1 (1) (7 SE2d 575); *Longino v. Moore,* 53 Ga. App. 674, 675 (187 SE 203).

But this independent negligence of the guest (not imputed negligence) may not be used as comparative negligence against the driver of the other vehicle involved unless it appeared that it was at least a part of the proximate cause of the event which brought about her injury.

■ In my view we should apply the ruling made in *Maloy v. Dixon,* 127 Ga. App. 151, 164, and particularly in *Georgia Northern R. Co. v. Battle,* 22 Ga. App. 665 (1) (97 SE 94); *Chalker v. Raley,* 73 Ga. App. 415 (37 SE2d 160), where it was recognized that the jury is authorized to place a lower value upon the damages than may be shown by a party's proof.

I concur in the judgment only.