Johnnie Lee JONES, a minor by and through his Mother, Legirtha Jones, as his parent, natural guardian and next friend, Plaintiff-Appellant,

v.

**PETROLEUM CARRIER CORPORATION OF FLORIDA et al.,** Defendants-Appellees.

No. 71-3433.

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1973.

Rehearing Denied Oct. 18, 1973.

Charles M. Jones, Hinesville, Ga., for plaintiff-appellant.

Julian C. Sipple, Savannah, Ga., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and MOORE * and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Having before us a decision of a Georgia state court in a companion case arising out of the same accident which controls the law in this federal diversity case, we hold that the Georgia law of comparative negligence does not apply to the facts of this case and that the plaintiff is entitled to a new trial because the jury was charged on the comparative negligence doctrine.

* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

Seventeen-year old Johnnie Lee Jones was a guest passenger in an automobile owned and operated by J. R. O'Neal, when it collided with a tractor-trailer rig owned by defendant Petroleum Carrier Corporation of Florida and insured by defendant Employers Mutual Liability Company of Wisconsin. As a result, plaintiff, totally and permanently disabled, brought this suit against Petroleum Carrier, its insurer, and its driver. The claim against the driver was settled prior to trial. This suit does not involve the driver of plaintiff's automobile, who apparently could not be found and did not testify at the trial.

The evidence showed that O'Neal's car swerved across the highway's centerline. The theory of plaintiff's case is that the defendant's truck driver was exceeding the lawful speed limit and failed to take the last clear chance to avoid the accident. Defendants deny any negligence on the part of the truck driver, contend that O'Neal was speeding, and allege as an affirmative defense that Jones, in entering and remaining in O'Neal's vehicle after it was or should have been apparent to him that O'Neal was intoxicated, failed to exercise ordinary care for his own safety.

The Court charged the jury on comparative negligence:

> If you find that this defendant was negligent and also that this young man was negligent in riding in a car with an allegedly drunken driver, at a high rate of speed, and failed to take any measures to avoid the consequences to himself, then you could recover under what we call the doctrine of comparative negligence.

> Comparative negligence means that you compare the negligence of each party, of the defendant in the case and of the plaintiff in the case. If their negligence was equal, there cannot be any recovery. If the negligence of the plaintiff, in riding in the automobile under those circumstances, exceeded any negligence on the part of Mr. Grubbs [the truck driver] that night,

then there cannot be any recovery, but if the negligence of Mr. Grubbs exceeded that of this young man [plaintiff], if he was negligent, then there can be a recovery, but you would reduce the recovery in proportion to the respective negligence of each party.

> In other words, if you should find that one was 51% negligent, that is, the defendant, and that this young man [the plaintiff] was 49% negligent, then the recovery for the damages would be 51% of such damages. That's what he would be limited to. If the negligence was equal, however, there cannot be any recovery whatsoever, and I'm not inferring, I'm not telling you that there was any negligence on the part of the young man in getting in the car and continuing in the car under the circumstances. That's up to you to consider, but you'll always keep in mind that regardless of whether he was negligent, regardless of whether he had any duty to get out of that car or not to get in it in the first place, if Mr. O'Neal's negligence was the sole, proximate cause of this collision, then your verdict must be for the defendant.

In Petroleum Carrier Corp. of Florida v. Jones, 127 Ga.App. 676 (1972), 194 S.E.2d 670, cert. denied (Case No. 27755, April 13, 1973), Jones' father sued the defendants in state court for medical expenses incurred as a result of the injuries to his son. Pleading comparative negligence as an affirmative defense, the defendants alleged that Johnnie Lee Jones failed to exercise ordinary care for his own safety in remaining in the O'Neal vehicle after it was or should have been apparent that O'Neal, because of his intoxication, was in no condition to be driving.

Ruling that the Georgia Superior Court properly struck that defense, the Georgia Court of Appeals established the law of Georgia regarding the applicability of that defense to the facts of this case. The Georgia Supreme Court

denied *certiorari.* Petroleum Carrier Corp. of Florida, *supra.*

The principal issue in this case is whether a guest passenger who undertakes to ride upon a highway with a driver whom he knows or should have known to be intoxicated is subject to the rule of comparative negligence as between him and the driver of another car. That is, should the negligence of the plaintiff be compared with that of the defendant under the factual situation with which we are herein presented?

Petroleum Carrier Corp. of Florida, *supra* at 673. Announcing the comparative negligence rule, the Georgia Court of Appeals stated two principles:

(1) that the plaintiff is not precluded from recovering by knowledge that the driver of his vehicle is intoxicated, and (2) that the negligence of the plaintiff can be compared with that of the defendant only where the plaintiff's negligence was a proximate cause of the injuries suffered. This latter principle has been aptly stated by Presiding Judge Eberhardt in his special concurrence in Brooks v. Williams, 127 Ga.App. 311, 193 S.E.2d 231, to wit: that the alleged independent negligence of the guest may not be used as comparative negligence against the driver of the other vehicle involved unless it appeared that such negligence was at least a part of the proximate cause of the event which brought about the injury.

Petroleum Carrier Corp. of Florida, *supra* at 674. The Georgia court having held that the comparative negligence rule was not applicable to the facts there presented, we think it clear that the charge should not have been given in this case involving the same accident and doubt that it would have been given, had the Georgia appellate decision been rendered before the trial of the federal case. Under Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we must follow the Georgia decision. Although the appellee asserts that

different witnesses testified in the two cases, we do not think that the facts that appeared at the trial of this case were so materially different from those in the state case as to preclude application of the same law to both cases.

As to the possible effect of the charge on the trial, it need only be noted that in the state court, where the charge was not given, the plaintiff's father recovered damages, but in the federal court, where the charge was given, the plaintiff recovered nothing. This persuades us that the erroneous charge might well have affected the outcome of the case.

■ We do not read the Georgia court's decision to preclude the admitting of evidence from which a jury might conclude that, once having accepted the ride, plaintiff failed to take reasonable measures which might have avoided the accident. In Georgia, the negligence of an host driver of a motor vehicle cannot be imputed to his guest passenger unless the passenger stands in such a relation of privity to his negligent host driver as to create the relation of principal and agent. Ga.Code Ann. Section 105–205 (1935). No such relationship was shown in this case. But if on retrial there should be evidence that the passenger's own lack of ordinary care was a proximate cause of the accident, then his negligence can be compared with the defendant's. *See* Ga. Code Ann. Section 105–603 (1935).

■ Plaintiff further contends that the District Court erred in admitting into evidence the entire State Patrol accident report, which is allegedly based on hearsay. Although the state patrolman observed neither the accident itself nor the speed of the vehicles, his report was based upon his personal observations. The trial court deleted from the report references obtained solely through hearsay. The greater portion of the report which was admitted and the testimony concerning it were not based upon hearsay, and the overruling of the objection made to the report in

its entirety, therefore, was not error. Stubbs v. Daughtry, 115 Ga.App. 22, 153 S.E.2d 633 (1957).

In view of the remand for a new trial, it is not necessary for us to discuss the other errors raised on this appeal.

We deny the motion filed by appellees for additional oral argument.

Reversed and remanded.

JOHN R. BROWN, Chief Judge (concurring):

I concur fully in the opinion and result. I add only my frequent lamentation that our brothers of the District Court can take a page from the book of their brothers in Texas by using that remarkable tool, F.R.Civ.P. 49(a).[1] Indeed, many across the Circuit are doing so effectively.

Now, a case that could be disposed of by a simple rendition had special interrogatories been employed, goes back for a second, and wholly needless trial. F.R.Civ.P. 49(a) is not only the "doubt eliminator". See generally Brown, Federal Special Verdicts: The Doubt Eliminator, 1968, 44 F.R.D. 338. It is a waste eliminator. No one can remotely suggest that a system characterized as one of "justice" must afford two trials where one would do. The public interest compels that Judges exploit fully the mechanisms the law provides. American Oil Company v. Hart, 5 Cir., 1966, 356 F.2d 657, 659; Horne v. Georgia Southern and Florida Railway Co., 5 Cir., 1970, 421 F.2d 975, 980 (Brown, C. J. concurring); Little v. Bankers Life and Casualty Co., 5 Cir., 1970, 426 F.2d 509, 512 (Brown, C. J. concurring); Thrash v. O'Donnell, 5 Cir., 1971, 448 F.2d 886; Weymouth v. Colorado Interstate Gas Co., 5 Cir., 1966, 367 F.2d 84, 93 n. 31; E. L. Cheeney Co. v. Gates, 5 Cir., 1965, 346 F.2d 197, 200; Smoot v. State Farm Mutual Ins. Co., 5 Cir., 1962, 299 F.2d 525, 533; Burns v. Anchor-Wate Co., 5 Cir., 1972, 469 F.2d 730, 734 n. 8; In the Matter of: Double D Dredging Co., 5 Cir., 1972, 467 F.2d 468, 469 n. 3; Wolfe v. Virusky, 5 Cir., 1972, 470 F.2d 831, 837 (Brown, C. J. concurring); Boyce v. Pi Kappa Alpha Holding Corp., 5 Cir., 1973, 476 F.2d 447 [1973] (Brown, C. J. concurring).

---

1. Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.